[Nos. 23842–6–I; 23843–4–I.   Division One.   August 28, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. SANDY TAPLIN, *Appellant.*

*Julie A. Kesler* and *Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Edwin K. Inkley* and *Cynthia Gannett, Deputies,* for respondent.

PER CURIAM.—Taplin appeals from a sentence modification proceeding imposing a jail term of 240 days. A Commissioner granted Taplin's motion for accelerated review pursuant to RAP 18.12. We reverse and remand for resentencing.

On April 5, 1988, Sandy Taplin pleaded guilty to one count of possessing stolen property and four counts of forgery. On April 11 he entered a guilty plea under a separate cause to one count of possessing stolen property and three counts of forgery. On June 8, 1988, the court entered a judgment and sentence on each cause number with the sentences to run concurrently. The court imposed an exceptional sentence, involving placement in a residential treatment program.

The conditions of the sentence included residence in the program for the entire 24 months of community supervision and successful completion of the drug rehabilitation program. In February 1989, the court found that Taplin had violated two conditions of his sentences by failing to remain in the program and absconding from community supervision. The court then modified his sentence and imposed 60 days' jail time "per violation" in each cause, for a total of 240 days.

The sole issue is one of statutory interpretation. Taplin contends that the trial court erred in imposing two 60–day terms for each of the two sentences. He contends that RCW 9.94A.200[1] unambiguously limits the penalty for noncompliance to only 60 days for each violation, without additional 60–day periods where concurrent sentences have been imposed. In the alternative, if the statute is determined to be ambiguous, Taplin contends that the rule of lenity requires that it be construed to limit the penalty for a single act of noncompliance to 60 days. The State, on the other hand, argues that the statute unambiguously allows multiple 60–day terms for violating conditions of each concurrent sentence.

■ Where there is no ambiguity in a statute, there is nothing for the court to interpret. *State v. Hutchinson,* 111 Wn.2d 872, 877, 766 P.2d 447 (1989). The parties' ability to argue two interpretations of a statute does not necessarily render the statute ambiguous. *Armstrong v. Safeco Ins. Co.,* 111 Wn.2d 784, 790–91, 765 P.2d 276 (1988).

■ RCW 9.94A.200 is not ambiguous. We agree with Taplin's contentions. The clear focus of the section is on "each violation"; not on each sentence. RCW 9.94A.200 provides that the court may "order the offender to be confined for a period not to exceed sixty days *for each violation*". (Italics ours.) Here, there were only two violations of conditions of Taplin's sentences and, therefore, the

---

[1]Former RCW 9.94A.200 provides in pertinent part:

"(1) If an offender violates any condition or requirement of a sentence, the court may modify its order of judgment and sentence and impose further punishment in accordance with this section.

"(2) If an offender fails to comply with any of the requirements or conditions of a sentence the following provisions apply:

". . . .

"(b) If the court finds that the violation has occurred, it may order the offender to be confined for a period not to exceed sixty days for each violation, . . .

"(c) If the court finds that the violation was not willful, the court may modify its previous order regarding payment of fines or other monetary payments and regarding community service obligations."

trial court may not impose more than 120 days of confinement. Moreover, at best, RCW 9.94A.200 is ambiguous. Thus, the rule of lenity would require that the statute be interpreted in favor of the defendant. *State ex rel. McDonald v. Whatcom Cy. Dist. Court,* 92 Wn.2d 35, 37–38, 593 P.2d 546 (1979).

The sentence is reversed and this case is remanded to the trial court for resentencing in accordance with this opinion.