[Nos. 21459-8-II; 21460-1-II;   Division Two.   September 25, 1998.]
21461-0-II; 22093-8-II; 22123-3-II;
21492-0-II; 21493-8-II; 21494-6-II.

THE STATE OF WASHINGTON, *Respondent*, v. AARON
EDGLEY, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY SCOTT
DODD, *Appellant*.

*Sherryl A. Jones* of *Davies & Jones*; and *Richard L. Davies*, for appellants (appointed counsel for appeal).

*David G. Skeen, Prosecuting Attorney*, and *Jill Landes* and *Juelanne B. Dalzell, Deputies*, for respondent.

HOUGHTON, C.J. — Aaron Edgley and Jeffrey Scott Dodd appeal from a juvenile court imposition of consecutive penalties for multiple violations of different individual disposition orders. We affirm.

## FACTS

Facts of Aaron Edgley's Case: In May 1996, Aaron Edgley pleaded guilty to fourth degree assault and minor in possession charges. The May 28, 1996 sentencing disposition orders set terms that included, among other conditions, 12 months of community supervision on each count, to run concurrently.

In October 1996, Aaron Edgley pleaded guilty to another fourth degree assault. He was sentenced to two days detention and three months community supervision and ordered to comply with the conditions set in May. During a November 1996 review hearing, the trial court modified the May disposition orders to further require that Aaron Edgley take medication, stay sober, and attend school. During the next scheduled hearing, Aaron Edgley admitted that he had failed to attend school, to comply with drug and alcohol treatment requirements, and to stay sober.

The trial court determined that failure to comply with the drug and alcohol treatment and to attend school were violations of the May 28, 1996 disposition order as it related to the first assault. Failure to attend school was also a violation of the terms of the minor in possession sentence. Failing to attend school, to comply with drug and alcohol treatment, and to stay sober were determined to violate the October 1996 disposition order for the second assault. The trial court then ordered that Aaron Edgley serve 30 days' detention for each violation. The detentions were to be served consecutively, resulting in 90 days' total confinement.

Facts of Jeffrey Scott Dodd's Case: Jeffrey Scott Dodd pleaded guilty to three separate charges. He was sentenced for third degree theft in February 1996. Among other conditions, the disposition order required that Jeffrey Scott Dodd be subject to 12 months of community supervision. In July 1996, he was sentenced on another third degree theft charge to 12 months' community supervision, the terms to run concurrently. His July 23 disposition sentenced him to six months' community supervision for negligent driving, no valid operator's license, and resisting arrest. The disposition orders also required that Jeffrey Scott Dodd attend school with no "skips" or "tardies," live at home, have no law violations, and obtain a drug and alcohol evaluation and follow the recommendations.

During a hearing to modify the three disposition orders, the trial court found that Jeffrey Scott Dodd had violated the conditions of the orders by not living at home, not attending school, and not following the recommendations of the drug and alcohol evaluator. The court imposed 30 days' consecutive detention for each violation. The confinement totaled 90 days.

Aaron Edgley and Jeffrey Scott Dodd appeal.

## ANALYSIS

*Consecutive Confinement Penalties*

Aaron Edgley and Jeffrey Scott Dodd contend that under RCW 13.40.200, the trial court erred when it imposed 30 days' detention for violation of each disposition order, to run consecutively, when the underlying original sentences were to run concurrently.

RCW 13.40.200 states in pertinent part:

**Violation of order of restitution, community supervision, fines, penalty assessments, or confinement— Modification of order after hearing—Scope—Rights —Use of fines.**

(1) When a respondent fails to comply with an order of restitution [or] community supervision, . . . the court upon motion of the prosecutor or its own motion, may modify the order after a hearing on the violation.

. . . .

(3) If the court finds that a respondent has willfully violated the terms of an *order* pursuant to subsections (1) and (2) of this section, it may impose a penalty of up to thirty days' confinement. Penalties for multiple violations occurring prior to the hearing shall not be aggregated to exceed thirty days' confinement. Regardless of the number of times a respondent is brought to court for violations of the terms of a single disposition order, the combined total number of days spent by the respondent in detention shall never exceed the maximum term to which an adult could be sentenced for the underlying offense.

(Emphasis added.)

Aaron Edgley and Jeffrey Scott Dodd assert that the term "order" applies to both a single order and to multiple concurrent orders in effect at the time of the violation. The appellants then reason that the trial court erred in imposing 90 days' total confinement because under the statute the court could impose a 30-day maximum.

The 1986 amendment to RCW 13.40.200(3)(a) prohibited

"stacking" of detention time when a juvenile repeatedly violates the terms of a *single* disposition order. LAWS OF 1986, ch. 288, § 5(3)(a). This is in contrast to RCW 9.94A.200(3)(c),[1] the penalty guidelines for noncompliance by adults, where the court can impose "sixty days for each violation."

In *State v. Taplin*, 55 Wn. App. 668, 670, 779 P.2d 1151 (1989), an adult sentencing case, Division One held that the focus of RCW 9.94A.200 "is on 'each violation'; not on each sentence." Under RCW 9.94A.200, the trial court could not impose 60 days for each violation multiplied by the number of concurrent sentences in effect at the time of the violation. Aaron Edgley and Jeffrey Scott Dodd argue that RCW 13.40.200(3) should be construed the same because the focus of the statute is on violations, not disposition orders.

■■ As stated in *Taplin*, this court will not interpret an unambiguous statute, regardless of the parties' ability to argue different interpretations of it. *Taplin*, 55 Wn. App. at 670 (citing *Armstrong v. Safeco Ins. Co.*, 111 Wn.2d 784, 790-91, 765 P.2d 276 (1988)). RCW 13.40.200(3) is unambiguous and focuses on repeated violations of "an order." The statute refers to "multiple violations" before a "hearing," and the number of times a respondent is brought before the court on a "single disposition order." The statute limits the number of punishments for multiple viola-

---

[1]RCW 9.94A.200 provides in pertinent part:

(1) If an offender violates any condition or requirement of a sentence, the court may modify its order of judgment and sentence and impose further punishment in accordance with this section.

. . . .

(3) If an offender fails to comply with any of the requirements or conditions of a sentence the following provisions apply:

. . . .

(c) . . . If the court finds that the violation has occurred, it may order the offender to be confined for a period not to exceed sixty days for each violation,
. . . .

tions of a single order, but does not limit the number of punishments for violations of different orders. Thus, a juvenile who skips school three times in violation of a disposition order may not be punished for three violations. But a juvenile who skips school, misses treatment, and possesses alcohol in violation of his disposition order may be punished for three violations.

Moreover, the last sentence of RCW 13.40.200(3) further supports our analysis. Multiple violations of one disposition order may be "stacked" but may "never exceed the maximum term to which an adult could be sentenced for the underlying offense." RCW 13.40.200(3).

Here, each juvenile violated three separate disposition orders and, thus, may be penalized for each. The statute permits the trial court to impose on each juvenile three 30-day sentences for the violations.

Aaron Edgley and Jeffrey Scott Dodd cite *In re Shriner*, 95 Wn.2d 541, 544, 627 P.2d 99 (1981), and argue that multiple penalties for concurrent disposition orders must run concurrently. Their reliance on *Shriner* is misplaced. In *Shriner*, the Supreme Court held that according to the applicable statute, only the trial court had the authority to determine whether sentences arising out of a multiple count information were to run concurrently or consecutively.

*Attorney Fees*

█ The State argues that it is entitled to attorney fees and costs on appeal. Under RAP 14.3 "statutory attorney fees and the reasonable expenses actually incurred by a party" may be awarded as costs. RCW 10.73.160 provides that an appellate court may require a juvenile offender to pay appellate costs incurred by the State in defending an appeal. This includes recoupment of fees for court-appointed counsel. RCW 10.73.160(3). For those who remain indigent or for whom repayment would work "manifest hardship," the sentencing court may remit all or part of the amount due or modify the method of payment.

RCW 10.73.160(4), (5). The purpose of awarding costs to the prevailing parties is to discourage meritless appeals. *Puget Sound Bank v. Richardson*, 54 Wn. App. 295, 298, 773 P.2d 429 (1989). Although we do not hold in favor of Aaron Edgley and Jeffrey Scott Dodd, this appeal is not meritless and we deny the State's request.

Affirmed.

SEINFELD and HUNT, JJ., concur.

Review denied at 137 Wn.2d 1026 (1999).

[No. 21778-3-II.   Division Two.   September 25, 1998.]

