[No. 27900-2-II.   Division Two.   November 26, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. SCOTT BARKER, *Appellant*.

*Lisa E. Tabbut*, for appellant.

*Susan I. Baur, Prosecuting Attorney*, and *Megan Ellavsky, Deputy*, for respondent.

MORGAN, J. — The question in this appeal is whether a juvenile court may impose more than 30 days in detention for multiple probation violations of a single disposition order. Due to RCW 13.40.200(3), the answer is no. The trial court imposed 60 days, so we remand for resentencing.

Scott Barker was born on January 25, 1986. On August 2, 1999, he possessed and consumed alcohol. On August 5, 1999, he was charged in juvenile court with one count of illegally possessing or consuming alcohol.[1] On August 26, 1999, he pleaded guilty and was sentenced to 30 days detention and 12 months community supervision. Conditions of community supervision included alcohol treatment and regular attendance at school.[2]

On March 26, 2001, Barker's probation officer filed two violation motions. Each was on a separate piece of paper and headed with its own case caption. Each was titled, "Motion and Affidavit of a Violation of a Condition of Probation." In one, the probation officer alleged that Barker had violated probation by failing to attend alcohol treatment between March 15 and March 21, 2001. In the other, the probation officer alleged that Barker had violated probation by failing to attend school between March 15 and March 21, 2001.[3]

On September 4, 2001, the court held a violation hearing. The State argued that the court had "discretion as to whether or not to sentence Mr. Barker to 60 days,"[4] even though both violations arose from a single disposition order. Barker argued that the court could not "go beyond 30

---

[1] *See* RCW 66.44.270(2)(a).

[2] For reasons not apparent from the record, the parties seem to agree that the court's authority to act in the case continued at least until the fall of 2001. We also will assume that is true.

[3] The juvenile probation officer might also have filed two additional violation motions (one alleging that Barker had not abstained from alcohol, and another alleging that Barker had changed residence without permission from his probation officer). *See* Clerk's Papers at 5-6. We omit these motions (assuming they were made) because neither has been included in the record on appeal.

[4] Report of Proceedings (RP) at 8.

days."[5] Each party relied on our opinion in *State v. Edgley*.[6] After reading *Edgley*, the juvenile court ruled that Barker had failed to attend treatment and should serve a term of 30 days in detention; that Barker had failed to attend school and should serve a term of 30 days in detention; and that each 30-day term should be served consecutively with the other, for a total of 60 days in detention.[7]

■ Barker argues on appeal that a juvenile court may not impose more than 30 days for multiple prehearing violations of a single disposition order. RCW 13.40.200 provides in pertinent part:

(1) When a respondent fails to comply with an order of restitution, community supervision, penalty assessments, or confinement of less than thirty days, the court upon motion of the prosecutor or its own motion, may modify the order after a hearing on the violation.

(2) The hearing shall afford the respondent the same due process of law as would be afforded an adult probationer. . . . The state shall have the burden of proving by a preponderance of the evidence the fact of the violation. The respondent shall have the burden of showing that the violation was not a willful refusal to comply with the terms of the order. . . .

(3) If the court finds that a respondent has willfully violated the terms of *an order* pursuant to subsections (1) and (2) of this section, it may impose a penalty of up to thirty days' confinement. *Penalties for multiple violations occurring prior to the hearing shall not be aggregated to exceed thirty days' confinement.* Regardless of the number of times a respondent is brought to court for violations of the terms of *a single disposition order*, the combined total number of days spent by the

---

[5] RP at 8.

[6] 92 Wn. App. 478, 966 P.2d 381 (1998), *review denied*, 137 Wn.2d 1026 (1999).

[7] We omit, because it makes no difference to the case, that each 30-day term was imposed in a separate written violation order. We also omit two other violation orders, each of which also imposed a 30-day term. Barker initially appealed all four violation orders, but he now seems concerned only with the two that emanated from the motions of March 26. The record does not include the motions from which the other two orders emanated (*see* n.3, *supra*), and Barker asserts that his total sentence was 60 (not 120) days.

respondent in detention shall never exceed the maximum term to which an adult could be sentenced for the underlying offense.[8]

We declined to apply this statute in *Edgley*, a case that involved two juveniles, eight appeals, and six juvenile court cause numbers.[9] Without defining what constitutes a single disposition order, we stated that "[t]he statute limits the number of punishments for multiple violations of a single order, but does not limit the number of punishments for violations of different orders."[10] Because each of the two juveniles had "violated three separate disposition orders,"[11] we affirmed the juvenile court's decision to impose three consecutive terms of 30 days in detention.

Although the statute did not apply in *Edgley*, it does apply here. Barker was subject to a single disposition order. He could be sentenced for any and all violations of such order that occurred prior to the hearing on September 4, 2001—provided that the aggregate punishment did not exceed 30 days. The juvenile court imposed 60 days, and it erred by so doing.

We do not overlook two examples that we gave in *Edgley*. In the first, we said that "a juvenile who skips school three times in violation of a disposition order may not be punished for three violations."[12] In the second, we said that "a juvenile who skips school, misses treatment, and possesses alcohol in violation of his disposition order may be punished for three violations."[13] Neither example was necessary to decide the case, which did not involve a single disposition order. More importantly, neither example was accurate. At

---

[8] RCW 13.40.200 (emphasis added).

[9] The reporter's preface to the opinion shows eight appellate court cause numbers and seven trial court cause numbers. One trial court number is listed twice. None of the numbers is shown in the opinion itself.

[10] 92 Wn. App. at 482-83.

[11] 92 Wn. App. at 483.

[12] 92 Wn. App. at 483.

[13] 92 Wn. App. at 483.

a given violation hearing, according to RCW 13.40.200(3), a juvenile may be punished for all prehearing violations of a single disposition order, regardless of the number and nature of such violations—*provided* that the aggregate punishment for those violations does not exceed 30 days, and provided further that the aggregate punishment then and previously imposed does not exceed the statutory maximum term for an adult. Although most of *Edgley* is correct, these examples were improvident and are hereby disapproved.

In neither this case nor *Edgley* have we attempted to define what constitutes a single disposition order. Barker is subject to only one such order by any definition. Each juvenile in *Edgley* apparently was subject to three such orders by any definition. An answer to the question of what constitutes a single disposition order should await the case in which the question arises.

Without disturbing the findings that Barker violated his probation, we remand for resentencing to an aggregate term of detention not to exceed 30 days.

HOUGHTON and BRIDGEWATER, JJ., concur.