752

[Nos. 28492-8-II; 28609-2-II.   Division Two.   March 11, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. KELLI JEAN COWIN, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. DAVID ALLEN COWIN, *Appellant*.

*Jeffrey Steinborn* (of *Steinborn & Holcomb, P.L.L.C.*) and *Kany M. Levine*, for appellants.

*Deborah S. Kelly, Prosecuting Attorney*, and *Loren Oakley, Deputy*, for respondent.

ARMSTRONG, J. — David and Kelli Cowin appeal their convictions of manufacturing marijuana, arguing that the trial court erred in denying their motions to suppress. The State cross-appeals, arguing that the trial court erred in declining to order Kelli Cowin to pay a $1,000 fine under RCW 69.50.430(1). We affirm the convictions but remand for imposition of the mandatory fine.

FACTS

On July 20, 2000, the Olympic Peninsula Narcotics Enforcement Team (OPNET) received an anonymous tip from a caller who reported that David Cowin and an associate named "Herbie" were growing marijuana at

Cowin's residence at 862 Whiskey Creek Beach Road. The caller said that the growers were moving the plants from the residence into the woods and added that Cowin's wife also lived at the residence. He also said that David drove a white Chrysler and that "Herbie" drove a pickup truck.

Detective Michael Grall drove by 862 Whiskey Creek Beach Road and found a white Chrysler registered to David Cowin in the driveway. After the same informant called six days later and again implicated Cowin and "Herbie" in a marijuana grow operation, an investigator determined that Cowin had recently married and that Herb Beck was listed as a witness to the wedding. A background check on Beck showed three vehicles registered to him, including a blue and white 1977 Chevrolet pickup, license number 54555J. The registration listed Beck's address as 10212 Southwest Cove Road in Vashon, Washington. When Grall drove by the Whiskey Creek Beach Road residence a second time, he saw three vehicles parked outside: white and red cars registered to David and Kelli Cowin, and a blue and white Chevrolet pickup truck. Grall could not see the truck's license plate.

On July 29, a nearby property owner called the Clallam County Sheriff's Department to report finding marijuana plants growing on his forested property along Whiskey Creek Beach Road. A neighbor reported seeing a blue and white pickup truck parked near the grow site. OPNET detectives found two neighboring grow sites, each with several black pots containing marijuana plants.

On August 1, Grall and Detective Ricky Twiggs conducted surveillance over the grow sites. They had to pass the residence at 862 Whiskey Creek Beach Road to get to the sites and saw only the red car parked outside. When they approached the grow sites, Twiggs saw a blue and white pickup parked near the entrance to the first site. The detectives hid in the woods until the truck left and afterward found the marijuana plants freshly watered. When a third detective drove by the residence 10 or 15 minutes later, he saw a blue and white truck parked outside.

Detective Robert Cameron and other members of OPNET subsequently followed the truck and determined that its license number was 57578N. The detectives verified that Beck was driving the truck and saw a watering jug and black pots in the back that resembled those found at the grow site.

Grall knew of the discrepancy concerning the license plate numbers when he applied for a search warrant, but the only vehicle of Beck's that he requested permission to search was the 1977 Chevrolet pickup, license number 54555J. In his affidavit, he stated that Beck had been stopped for speeding in the 1977 pickup the previous June, that marijuana had been found in Beck's possession, and that materials consistent with outdoor marijuana grow operations had been found in the truck. Grall ended the affidavit with a lengthy paragraph describing how people who grow marijuana use their homes to facilitate their activity.

The resulting warrant authorized the search of the residence, the 1977 pickup, and the two cars registered to the Cowins. In executing the warrant, however, the detectives discovered that the pickup was a 1978 model, license number 57578N.[1] After they impounded the truck and obtained permission to search it, the detectives found insurance papers and a checkbook in Herb Beck's name in the truck. The address on the papers was 12012 Southwest Cove Road.

The search of the Whiskey Creek Beach Road residence revealed marijuana plants, drying marijuana, and processed and packaged marijuana. Detectives also found pots identical to those found in the grow sites. Kelli Cowin entered the house during the search and said that the three were growing marijuana for their personal use because it was too expensive to buy.

---

[1] The 1978 truck was registered to Herb "Back," with an address of 1212 Southwest Cove Road. The registration indicated that the truck was light and dark blue.

The State charged David and Kelli Cowin with one count of manufacturing marijuana. Kelli Cowin filed a motion to suppress her statements as well as the physical evidence seized, arguing that the facts in the search warrant affidavit did not show a nexus between the grow site and the Cowins' residence. The trial court denied that motion and described the evidence linking the residence with criminal activity in the following written findings and conclusions:

1. The residence at 862 Whiskey Creek Beach Road and the grow sites are both located off of Whiskey Creek Beach Road.

2. The reasonable inference to be drawn is that the two are relatively close together as reflected in the following statement of Detective Grall: "in passing by the residence at Whiskey Creek Beach Road which you would need to view in order to get to the grow site. . . ." and as reflected in the fact that when the two officers left the grow sites they necessarily passed the residence in question.

3. The anonymous informant stated that three people lived at the residence, Mr. Cowin, his wife, and "Herbie." This was corroborated by the fact that law enforcement observed vehicles belonging to all three at the residence on July 27, 2000. It was also confirmed by law enforcement on August 1, 2000 when both Mr. Beck's and Mr. Cowin's vehicles were at the residence immediately after law enforcement left the grow sites. A close relationship between Cowin, Leary and Beck is seen in the fact that Mr. Beck was the official witness to Cowin and Leary's marriage in March, 2000.

4. Probable cause was definitely established as to the blue and white pickup and the criminal activity. A clear nexus was established between the two. The pickup was registered to Herb Beck.

Based upon the above, it was reasonable for the magistrate to conclude that a nexus existed between Herb Beck, the blue and white pickup, the residence at 862 Whiskey Creek Beach Road and the criminal activity. The anonymous informant indicated that the parties lived together and the independent investigation by law enforcement reasonably corroborated this fact. Furthermore, the pickup truck seen at the site of the grow operations is reasonably inferred to be the same truck regis-

tered to Mr. Beck and seen at the residence within minutes of leaving the grow sites. Six weeks earlier, this same pickup was seen to contain materials consistent with a grow operation (information not considered stale because of the on-going nature of marijuana grows). Since the grows themselves were isolated in wooded areas, it was reasonable to infer that these and similar materials were, of necessity, being transported by the blue and white pickup to the grow sites from 862 Whiskey Creek Beach Road where the parties lived.

Clerk's Papers (Kelli Cowin) at 32-33.

David Cowin subsequently filed his own motion to suppress and requested a *Franks*[2] hearing, arguing that the trial court had not considered material misrepresentations in the search warrant affidavit when it denied Kelli Cowin's motion.

Following the hearing, the trial court found that Detective Grall acted with reckless disregard for the truth when he applied for the search warrant knowing of the discrepancy between the two license plate numbers identified. Grall should have told the magistrate that the license number of the truck the detectives had been following was different from that originally given and that the truck followed was a 1978 Chevrolet blue two-tone pickup registered to Herb Back, with an address similar to Beck's. Grall also should have disclosed that the truck in which Beck was stopped the previous June was the 1978 truck rather than the 1977 truck. The court added, however, that the addition of the proper information about the pickup truck did not affect its finding regarding the nexus between the residence and the criminal activity:

> The '78 pick-up is reasonably related to Mr. Beck. The '78 pick-up was seen at the grow site and also seen on several occasions at the Cowin residence. Mr. Beck was seen in a Chevy pick-up truck in June and there were items in the truck that were reflective of a grow operation as indicated in my previous memorandum, he was also found to have marijuana in his possession.

---

[2] *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

That together with the other information that's in the warrant I think provides a nexus to the Cowin residence.

Report of Proceedings (Oct. 17, 2001) at 87-88. The court again declined to suppress the evidence seized.

The Cowins waived their right to a jury and were found guilty as charged. The trial court imposed a fine of $1,000 against David Cowin payable to OPNET but did not assess a similar fine against Kelli Cowin. This court consolidated the Cowins' direct appeals, and the State cross-appealed.

ANALYSIS

I

The Cowins argue that the trial court erred in finding the search warrant supported by probable cause to search their residence. More specifically, they contend that there was insufficient evidence showing a nexus between their residence and the suspected grow operation.

■ A search warrant may issue only upon a finding of probable cause. *State v. Thein*, 138 Wn.2d 133, 140, 977 P.2d 582 (1999). Probable cause exists when the affidavit in support of the warrant contains facts and circumstances from which a reasonable person could infer that criminal activity is probably occurring, and that evidence of such activity can be found at the place to be searched. *Thein*, 138 Wn.2d at 140; *State v. McGovern*, 111 Wn. App. 495, 499, 45 P.3d 624 (2002). Probable cause thus requires (1) a nexus between criminal activity and the item to be seized and (2) a nexus between the item to be seized and the place to be searched. *Thein*, 138 Wn.2d at 140; *McGovern*, 111 Wn. App. at 499.

The second nexus is at issue here. In *Thein*, the Supreme Court held that such a nexus was not satisfied by generalized statements regarding the habits of drug dealers and their practice of storing drugs or drug paraphernalia at their homes. 138 Wn.2d at 147-48. Apart from such statements, there was no incriminating evidence linking drug

activity to the home that was searched in *Thein*: "The only evidence linked to the Austin Street residence is innocuous: a box of nails and vehicle registration." 138 Wn.2d at 150. Because the facts did not establish a nexus between evidence of illegal drug activity and the defendant's Austin Street residence, the court ordered the evidence seized therefrom suppressed. *Thein*, 138 Wn.2d at 151.

■ The Cowins argue here that the only statement in the redacted affidavit that distinguishes this case from *Thein* is the anonymous informant's allegation that plants grown at the Whiskey Creek Beach Road residence had been moved outside. They maintain that this tip cannot establish probable cause because the affidavit demonstrated neither the informant's basis of knowledge or veracity. *See State v. Murray*, 110 Wn.2d 706, 711-12, 757 P.2d 487 (1988) (citing the *Aguilar-Spinelli*[3] test for determining probable cause based on informant's tip). The trial court acknowledged that neither prong was satisfied in this instance but noted that independent police investigation may disclose corroborating evidence that shores up any deficiency in either the knowledge or veracity prongs. *See State v. Wilson*, 97 Wn. App. 578, 584, 988 P.2d 463 (1999) (corroborating evidence should point to suspicious activity along the lines suggested by the informant).

Here, the property owner told the sheriff's department about the marijuana on his land shortly after the informant reported the plants' transfer from the Cowin house into the woods. Further investigation disclosed the presence of two grow sites a short distance from the Cowins' residence, and accessible only by passing their house. The detectives saw the same truck at the grow sites that they saw on more than one occasion at the Cowins' residence. This truck was registered to the man who had witnessed the Cowins' marriage and who had the same first name as the man identified by the anonymous informant. Beck was seen in the truck six weeks before the discovery of the grow sites,

[3] *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

and at that time the truck contained materials associated with marijuana grow operations.

This evidence was sufficient to corroborate the informant's statement that marijuana plants had been recently moved from the Cowins' residence to an outdoor location, and it established the necessary nexus between that residence and the grow operation. The trial court did not err in denying the motion to suppress.

## II

The State alleges in its cross-appeal that the trial court erred in failing to fine Kelli Cowin $1,000 as required by RCW 69.50.430(1), which provides as follows:

> Every person convicted of a felony violation of RCW 69.50.401 . . . shall be fined one thousand dollars in addition to any other fine or penalty imposed. Unless the court finds the person to be indigent, this additional fine shall not be suspended or deferred by the court.

There is no question that Kelli Cowin was convicted of a felony violation of RCW 69.50.401. The unlawful manufacture of marijuana is a Class C felony. RCW 69.50.401(a)(1)-(iii); RCW 9A.20.021(1)(c). The fine for such a violation is mandatory under RCW 69.50.430(1) and cannot be waived unless the court makes a finding of indigency. *See State v. Martin*, 137 Wn.2d 149, 154, 969 P.2d 450 (1999) ("shall" imposes a mandatory requirement unless a contrary legislative intent is apparent). Where there is no ambiguity in a statute, there is nothing for the court to interpret. *State v. Taplin*, 55 Wn. App. 668, 670, 779 P.2d 1151 (1989). Since there is no evidence that the trial court made a finding of indigency, it erred in failing to fine Kelli Cowin $1,000.

The convictions are affirmed, but this case is remanded for entry of the mandatory fine.

Quinn-Brintnall, A.C.J., and Houghton, J., concur.

Review denied at 150 Wn.2d 1019 (2003).