[Nos. 22245-4-III; 22246-2-III; 22247-1-III. Division Three. September 21, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. WESLEY ISAAC VEAZIE, *Appellant*.

*Kraig Gardner* (of *Spokane County Public Defender's Office*), for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies*, for respondent.

Kurtz, J. — RCW 13.40.200(3) limits the penalty for noncompliance with the conditions of a juvenile disposition order to 30 days, even if there are multiple violations of the order. While on probation, Wesley Veazie violated the conditions of three juvenile disposition orders. He contends the sentencing court erred in imposing three consecutive, 20-day terms of confinement for a total 60-day sentence. He argues RCW 13.40.200(3) should be construed to limit his term of confinement to 30 days, even if he violated the conditions of multiple disposition orders. Mr. Veazie also

argues RCW 13.40.200(3) violates the equal protection clauses of the Washington and United States Constitutions. We hold RCW 13.40.200(3) limits the penalty for violations of a single disposition order but does not limit the penalty for violations of multiple disposition orders. Additionally, we reject Mr. Veazie's equal protection argument because he is not a member of a class that has received disparate treatment under RCW 13.40.200(3) and, further, because there is a rational basis for the disparate treatment of juveniles who have been sentenced under a single disposition order and juveniles who have been sentenced under multiple disposition orders. We affirm Mr. Veazie's sentences.

FACTS

The facts of this appeal are undisputed. There are three consolidated cases, involving a single defendant. The defendant is Wesley Veazie, a juvenile.

Mr. Veazie has been convicted of three crimes—theft in the third degree (Spokane County Cause No. 02-8-01165-5); theft of a firearm (Spokane County Cause No. 02-8-01041-1); and taking a motor vehicle without the owner's permission in the second degree (Spokane County Cause No. 03-8-00098-8). While on probation for these three convictions, he ran away from a group home where he had been placed. After a hearing, the court ruled that Mr. Veazie had committed three probation violations—running away from the home, failure to maintain contact with his probation officer, and living in an unapproved residence. In each separate cause, he was sentenced to 20 days' confinement for violating the disposition order. Because the sentences ran consecutively, Mr. Veazie served 60 days in confinement.

Mr. Veazie appeals.

*RCW 13.40.200.* RCW 13.40.200 provides in pertinent part:

(3) If the court finds that a respondent has willfully violated the terms of *an order* pursuant to subsections (1) and (2) of this section, it may impose a penalty of up to thirty days' confinement. *Penalties for multiple violations occurring prior to the hearing shall not be aggregated to exceed thirty days' confinement.* Regardless of the number of times a respondent is brought to court for violations of the terms of *a single disposition order*, the combined total number of days spent by the respondent in detention shall never exceed the maximum term to which an adult could be sentenced for the underlying offense.

(Emphasis added.) In the legislature's rules of construction, we are informed "[w]ords importing the singular number may also be applied to the plural of persons and things; words importing the plural may be applied to the singular." RCW 1.12.050.

*Standard of Review.* The primary issue is one of statutory construction. Mr. Veazie contends the juvenile court erred in imposing three consecutive, 20-day terms of confinement for a total 60-day sentence. He argues RCW 13.40.200(3) unambiguously limits the penalty for noncompliance with the conditions of a disposition order to 30 days, even if there are multiple violations and concurrent sentences. Alternatively, if the statute is ambiguous, Mr. Veazie argues that the rule of lenity requires that the statute be construed to limit his term of confinement to 30 days. The State, on the other hand, argues RCW 13.40.200(3) has been interpreted by *State v. Edgley*, 92 Wn. App. 478, 483, 966 P.2d 381 (1998) to allow the stacking of terms of confinement for violations of multiple disposition orders.

■■ We review issues regarding statutory construction de novo. *State v. J.M.*, 144 Wn.2d 472, 480, 28 P.3d 720 (2001). When interpreting a statute, our goal is to give effect to the legislature's intent. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Statutes must be construed to effect their purpose and to avoid strained or absurd results. *State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987).

When a statute is unambiguous, we derive its meaning from the plain meaning of the statute alone. *City of Walla*

*Walla v. Topel*, 104 Wn. App. 816, 820, 17 P.3d 1244 (2001) (quoting *Cherry v. Mun. of Metro. Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991)). The plain meaning is discerned by considering the statute as a whole, giving effect to all that the legislature has said and using related statutes to help identify the legislative intent embodied in the provision in question. *Campbell & Gwinn*, 146 Wn.2d at 10-11. When considering words contained in a statute that are not defined, the court should carefully consider the subject matter involved, the context in which the words are used, and the purpose of the statute. *City of Tacoma v. Taxpayers of City of Tacoma*, 108 Wn.2d 679, 693, 743 P.2d 793 (1987).

██ *Is this appeal moot?* A question is moot when the court cannot grant relief. *State v. Turner*, 98 Wn.2d 731, 733, 658 P.2d 658 (1983). As a general rule, courts will not review moot issues. *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). Courts will review, however, moot issues if there is a "continuing and substantial public interest" in the case. *Id.*

The State contends this appeal should be dismissed as moot because Mr. Veazie has served his sentence. The State further contends this appeal does not raise an issue of continuing and substantial public interest because the issue was addressed and resolved in *Edgley*.

In determining whether an issue—though moot—warrants review, courts look to the following factors: (1) whether the issue is of a public or private nature, (2) whether an authoritative determination is desirable to provide future guidance to public officers, and (3) whether the issue is likely to recur. A court also considers whether the case before it properly and effectively addresses the issue. *Hart v. Dep't of Soc. & Health Servs.*, 111 Wn.2d 445, 448, 759 P.2d 1206 (1988).

The question of whether a juvenile court may impose more than 30 days in detention for probation violations of multiple disposition orders is more a public than a private issue. It concerns the interpretation of a statute that affects

multiple juvenile offenders. The facts of this case are not unique, but are repeated frequently in our juvenile courts.

The issue of whether courts and attorneys require guidance on this issue is more problematic. *Edgley* holds that RCW 13.40.200(3) allows a juvenile court to impose a penalty of up to 30 days' confinement for the willful violation of a community supervision order but limits the total penalty for multiple violations of a single order. The statute, however, does not similarly limit the total penalty for violations of different disposition orders. *Edgley*, 92 Wn. App. at 482-83. Thus, *Edgley* addresses the very issue presented to this court.

Mr. Veazie attempts to discredit *Edgley* by noting that Division Two of this court subsequently had to clarify its decision in *Edgley*. In *Edgley*, the court employed two examples to explain its understanding of RCW 13.40.200(3). In the first example, the court said: "[A] juvenile who skips school three times in violation of a disposition order may not be punished for three violations." *Edgley*, 92 Wn. App. at 483. In the second example, the court stated: "[A] juvenile who skips school, misses treatment, and possesses alcohol in violation of his disposition order may be punished for three violations." *Id.* Subsequently, in *State v. Barker*, 114 Wn. App. 504, 58 P.3d 908 (2002), Division Two disavowed the two examples. The court noted that *Edgley* did not concern a single disposition order. So, the examples were dicta. Second, the examples were incorrect. Under RCW 13.40.200(3), a juvenile may be punished for all violations of a single disposition order, provided the aggregate punishment does not exceed 30 days and further provided the punishment then—and previously—imposed does not exceed the statutory maximum term for an adult. *Barker*, 114 Wn. App. at 508.

Admittedly, the use of the examples in *Edgley* was unfortunate. But, *Barker* did not criticize the holding of *Edgley*—that the juvenile court can stack detention periods for probation violations of multiple disposition orders even

if the total confinement exceeds 30 days. *Barker*, 114 Wn. App. at 507. On that issue, *Edgley* remains good law.

Mr. Veazie also notes *Edgley* was abrogated in part by *State v. Nolan*, 141 Wn.2d 620, 624-25, 8 P.3d 300 (2000). In *Edgley*, the court denied the State's request that its cost bill include the`State's cost for Mr. Edgley's appellate attorney fees. The court denied the State's request reasoning that Mr. Edgley's appeal was not frivolous. *Edgley*, 92 Wn. App. at 484. Thereafter, the Supreme Court abrogated *Edgley*'s holding regarding costs. The court stated that RCW 10.73.160 granted the court discretion to impose the expenses of a defendant's publicly-paid appellate counsel as a recoverable cost item when the State was the substantially prevailing party. *Nolan*, 141 Wn.2d at 628. Such an award is not limited to frivolous appeals. *Id*. While it is true that the Supreme Court expressed reservations about the court's reasoning in *Edgley*, its criticism did not relate to the issue before us.

The third factor is whether the issue is likely to recur. Resolution of this factor turns upon how we view *Edgley*. The issue will recur if the issue is, or appears to be, unsettled.

We conclude that the issue should be addressed on its merits. As the issue now stands, only one division of this court has addressed it and the issue has sufficient merit to warrant review by a second division of the court.

*Did the sentencing court impose a penalty in excess of the maximum allowed by RCW 13.40.200(3)?* When RCW 13.40.200(3) refers to the violation of "an order," Mr. Veazie contends it means multiple orders as well as a single order. If the first sentence is interpreted in this way, he maintains the section's second sentence limits the sanctions that a court may impose for violations of a single order or multiple orders to 30 days of detention. According to Mr. Veazie, this interpretation of the statute is consistent with RCW 1.12.050, which informs us that singular words in statutes may sometimes be applied to the plural.

The first sentence of RCW 13.40.200(3) reads: "If the court finds that a respondent has willfully violated the terms of an order pursuant to subsections (1) and (2) of this section, it may impose a penalty of up to thirty days' confinement." Mr. Veazie contends the legislature's rule of statutory construction allows us to construe the singular "an order" to include the plural "orders." RCW 1.12.050. He is correct. Without examining the statute further, the legislature could be referring either to "an order" or "orders." Its own rule of statutory construction allows such an interpretation. But, if we follow this course, we immediately encounter difficulties.

In the second part of the first sentence, RCW 13.40.200(3) states: "it may impose *a penalty* of up to thirty days' confinement." (Emphasis added.) The language "a penalty" indicates a single penalty. In order to achieve the interpretation suggested by Mr. Veazie, this part of the sentence would need to be changed to allow for multiple penalties and multiple disposition orders. Ordinarily, the reference to a single penalty would not relate to multiple disposition orders. In other words, we would have to add additional language to the statute to account for multiple disposition orders in order to achieve the meaning urged by Mr. Veazie. A simple change of the singular to the plural would not achieve such a result.

The second sentence of RCW 13.40.200(3) provides: "Penalties for multiple violations occurring prior to the hearing shall not be aggregated to exceed thirty days' confinement." If we adopt a singular usage for "order" in the first sentence, the second sentence is clear. Confinement for multiple violations of a single disposition order cannot exceed 30 days. But, if we adopt the plural usage, our interpretation of the statute becomes slightly more strained. We would need to add the words "single or multiple orders" to achieve the result urged by Mr. Veazie.

In the last sentence of RCW 13.40.200(3), we are informed: "Regardless of the number of times a respondent is brought to court for violations of the terms of a single

disposition order, the combined total number of days spent by the respondent in detention shall never exceed the maximum term to which an adult could be sentenced for the underlying offense." Here, the legislature uses the phrase "single disposition order" which is not susceptible to any confusion as to whether the legislature was referring to one or multiple disposition orders. Again, if we employ a singular—as opposed to a plural—usage, this sentence makes sense. Multiple violations of one disposition order may be stacked, but may never exceed the maximum term to which an adult could be sentenced for the underlying offense.

■ We agree with *Edgley*. RCW 13.40.200(3) limits the number of punishments for multiple violations of a single disposition order but does not limit the number of punishments for violations of different orders. *Edgley*, 92 Wn. App. at 482-83. As stated in *Edgley*, the statute unambiguously focuses on repeated violations of "an order." The use of the singular throughout the section leads to a consistent and logical interpretation of the statute. Perhaps the legislature should have considered the problem presented by this case—violations involving multiple disposition orders—and dealt with multiple disposition orders in the statute. Unfortunately, it did not. As written, the statute unambiguously limits the penalty for violations of a single disposition order but does not limit the penalty for violations of multiple disposition orders.

*Does RCW 13.40.200(3) violate the equal protection clauses of the Washington or the United States Constitutions?* Mr. Veazie contends RCW 13.40.200(3) denies him equal protection of the law. He argues there is no rational basis for the statute's disparate treatment of juveniles who have been sentenced under a single disposition order and juveniles who have been sentenced under multiple disposition orders.

■ The parties agree Mr. Veazie's equal protection argument is properly analyzed under the rational relationship test. *State v. Schaaf*, 109 Wn.2d 1, 21, 743 P.2d 240 (1987). " 'The rational relationship test is the most relaxed and

tolerant form of judicial scrutiny under the equal protection clause. Under this test, the legislative classification will be upheld unless it rests on grounds wholly irrelevant to achievement of legitimate state objectives.' " *In re Boot*, 130 Wn.2d 553, 573, 925 P.2d 964 (1996) (quoting *State v. Shawn P.*, 122 Wn.2d 553, 561, 859 P.2d 1220 (1993)).

■ A denial of equal protection may occur when a law is administered in a manner that unjustly discriminates between similarly situated persons. *State v. Handley*, 115 Wn.2d 275, 290, 796 P.2d 1266 (1990). No equal protection claim will stand, however, unless the complaining party can first establish that he or she is similarly situated with other persons. *Id.* It is only after membership in such a class is established that equal protection scrutiny will be invoked. *Id.*

In *Handley*, the defendant claimed that his right to equal protection of the law was violated because he received an exceptional sentence when his codefendant received a standard range sentence. The court declined to reach Mr. Handley's equal protection claim because he failed to establish that he and his codefendant were similarly situated and treated differently.

Here, Mr. Veazie argues there are two distinct classes who are treated differently—those juveniles whose offenses have been permissively joined under CrR 4.3(a) and, therefore, sentenced under a single disposition order, and those juveniles whose offenses were not permissively joined under the court rule and, therefore, sentenced under multiple disposition orders. Mr. Veazie asserts the first juvenile class would receive the benefit of the penalty limitation found in RCW 13.40.200(3) because members of this class would have been sentenced under a single disposition order. Conversely, members of the second class would be denied the penalty limitation provided by the statute because they have been sentenced under multiple disposition orders. He emphasizes the potentially disparate treatment under RCW 13.40.200(3) between juveniles whose offenses were

joined for the purposes of judicial economy and those whose offenses were not joined.

Significantly, he does not argue that he is a member of either class. Actually, Mr. Veazie is a member of a third class—juveniles who have committed separate offenses not qualifying for joinder under CrR 4.3(a). Mr. Veazie's equal protection claim fails because he cannot establish he is similarly situated with other juvenile defendants whose offenses were, or could have been, joined under CrR 4.3(a).

■ Moreover, the sentencing distinction between juveniles who have been sentenced under a single disposition order and juveniles who have been sentenced under multiple disposition orders is rational. The legislature may well have intended that courts have the authority to treat offenders who have committed a series of separate and distinct crimes more harshly. Under RCW 13.40.200(3), as interpreted by *Edgley*, the sentencing court had the authority, but was not required, to sentence Mr. Veazie to a sentence of more than 30 days. The fact that Mr. Veazie appeared before the court with three separate and distinct juvenile offenses involving separate disposition orders was rationally considered by the court in imposing a sentence of more than 30 days.

We reject Mr. Veazie's equal protection argument regarding RCW 13.40.200(3) because he is not a member of a class that has received disparate treatment under the statute. Additionally, there is a rational basis for the disparate treatment of juveniles who have been sentenced under a single disposition order and juveniles who have been sentenced under multiple disposition orders.

We affirm Mr. Veazie's sentences.

KATO, C.J., and SWEENEY, J., concur.

Reconsideration denied November 5, 2004.