# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | No. 69522-3-I |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DOUGLAS MATHEW STEELMAN, | ) | |
| | ) | |
| Appellant. | ) | FILED:  January 21, 2014 |
| | ) | |

DWYER, J. — We will not ordinarily entertain an appeal of an issue where no effective relief can be given. Such an issue is moot. Where the sole issue raised on appeal is moot, the appeal should be dismissed. As that describes the circumstances herein, we dismiss the appeal.

I

In 2011, juvenile Douglas Steelman pleaded guilty to one count of child molestation in the second degree. The juvenile court sentenced Steelman under the Special Sex Offender Disposition Alternative (SSODA) and placed him on community supervision for 24 months. On August 29, 2012, Steelman was cited for the seventh time for violating the terms of his community supervision. On that date, Steelman's probation counselor moved for modification of the disposition order, based on the following violations, which all occurred on August 28, 2012: (1) Steelman failed to meet with his probation counselor as scheduled, (2)

Steelman had unsupervised contact with a child 24 months younger than him, and (3) Steelman was jailed for a D.U.I.

On September 14, 2012, the juvenile court found that Steelman had failed to meet with his probation counselor as scheduled, and imposed 30 days' confinement. The juvenile court continued the hearing on the remaining two violations until October 5.

On October 5, 2012, the juvenile court found that Steelman had unsupervised contact with a child 24 months younger than him and was jailed for a D.U.I., both in violation of his SSODA conditions, and imposed 30 days confinement. The juvenile court suspended the imposition of the confinement for 120 days. The 120-day period has lapsed. The 30-day confinement sanction from October 5, 2012 was never imposed. Steelman's term of supervision has also ended. Thus, the 30-day sanction will never be imposed.

II

Steelman assigns error to the juvenile court's determination that it had the authority to impose the 30-day confinement sanction. However, given that the 30-day sanction will never actually be imposed, the parties agree that Steelman's appeal is moot. Nevertheless, Steelman contends that this appeal presents an issue of significant public interest, thus warranting review. It does not.

"A case is moot if a court can no longer provide effective relief." Orwick v. City of Seattle, 103 Wn.2d 249, 253, 692 P.2d 793 (1984).

> In general, a case presenting a moot issue on appeal is dismissed. City of Seattle v. Johnson, 58 Wn. App. 64, 66-67, 791 P.2d 266

(1990). A case is not moot if the court can still provide effective relief. State v. Turner, 98 Wn.2d 731, 733, 658 P.2d 658 (1983).

State v. Sansome, 127 Wn. App. 630, 636, 111 P.3d 1251 (2005). In this case, no effective relief can be provided. The case is moot.

In rare cases, an appellate court may exercise its discretion and address a moot issue where "matters of continuing and substantial public interest are involved." Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972); Sansome, 127 Wn. App. at 636. "This exception to the general rule obtains only where the real merits of the controversy are unsettled and a continuing question of great public importance exists." Sorenson, 80 Wn.2d at 558.

We look to the following factors to determine whether a moot issue warrants review: "(1) whether the issue is of a public or private nature, (2) whether an authoritative determination is desirable to provide future guidance to public officers, and (3) whether the issue is likely to recur." State v. Veazie, 123 Wn. App. 392, 397, 98 P.3d 100 (2004).

The issue raised in this case is not one on which trial courts require guidance, nor is it likely to recur. A pertinent statute and existing case law discuss whether a juvenile court has authority to impose more than 30 days' confinement for all prehearing violations of a disposition order. RCW 13.40.200(3) ("Penalties for multiple violations occurring prior to the hearing shall not be aggregated to exceed thirty days' confinement."); State v. Barker, 114 Wn. App. 504, 507-08, 58 P.3d 908 (2002). Thus, a decision on the merits of this

case would not meet our standards for publication. <u>See</u> RCW 2.06.040. Indeed, this appeal does not present an issue "where the real merits of the controversy are unsettled." <u>Sorenson</u>, 80 Wn.2d at 558. A case has not been made that we should exercise our discretion to review the merits.

The sole issue raised in this appeal is moot. The appeal is therefore dismissed.

Dwyer, J.

We concur:

Appelwick, J.

Becker, J.