[No. 5434–9–III.   Division Three.   October 2, 1984.]

FAMILY MEDICAL BUILDING, INC., *Respondent,* v. THE
DEPARTMENT OF SOCIAL AND HEALTH SERVICES,
ET AL, *Appellants.*

*Kenneth O. Eikenberry, Attorney General,* and *William
L. Williams, Assistant,* for appellants.

*Richard B. Price, Michael J. Casey,* and *Reed & Giesa,*
for respondent.

McINTURFF, J.—Following the filing of the opinion in
*Family Med. Bldg., Inc. v. Department of Social & Health
Servs.,* 37 Wn. App. 662, 684 P.2d 77 (1984), both parties

moved for costs on appeal. Pursuant to RAP 14.2, the clerk of this court determined that Family Medical Building, Inc. (FMB) substantially prevailed on review and awarded costs accordingly. The State moved the court to modify the clerk's ruling, contending that because it won a partial reversal of the judgment and a remand for trial on damages alone, it is the prevailing party on review and is entitled to costs. We uphold the clerk's ruling.

The State's argument is based upon a misinterpretation of the comment to RAP 14.2, 86 Wn.2d 1225 (1976). That rule provides: "A commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review, . . ." The comment to the rule states: "In other words, the award of costs is based on who wins the review proceeding—not on who ultimately prevails on the merits."

▮▮ The State reads the comment as directing the award of costs to the party who obtains a reversal or an affirmance. Such an interpretation does not take into consideration the language of the rule itself which allows costs to "the party that *substantially* prevails." (Italics ours.) In order to determine which party substantially prevailed on review, the clerk or commissioner must have discretion to look beyond the bottom line of reversal or affirmance.[1]

Here, the largest portion of the State's appeal contested liability. It never took the position that FMB did not suffer damages. The State's argument on damages was limited to its contention that the instruction allowed the jury to consider improper factors in setting its *amount*. In these circumstances, the clerk properly concluded that FMB, having had its theories of liability upheld, was the substantially prevailing party.

---

[1]The former rule also conferred discretionary powers on the court. CAROA 55(b)(1), 76 Wn.2d cxlviii (1969), provided in part: "When the judgment is affirmed in part, reversed in part, modified, or remanded for further proceedings, the court of appeals shall, in its discretion, award all or partial costs to either party or may order that the awarding of costs shall abide the final result of the further proceedings."

The State's motion to modify the clerk's ruling on costs is denied.[2]

MUNSON, C.J., and THOMPSON, J., concur.

Review granted by Supreme Court November 16, 1984.

---

[2]In its motion to modify the State also contends for the first time that Family Medical Building, Inc.'s motion for costs was not timely filed. The State has waived any objection to the untimely filing by not raising it until after the clerk had made a ruling. *See* RAP 14.5 (objections to cost bill shall be served on all parties and filed with the court within 10 days after service of the cost bill upon the party).