[No. 69046-4.   En Banc.]
Argued June 29, 2000.     Decided September 14, 2000.

The State of Washington, *Respondent*, v. Thomas Nolan, *Petitioner*.

*James R. Dixon* and *Kathryn A. Russell* (of *Nielsen, Broman & Associates, P.L.L.C.*), for petitioner.

*James H. Krider, Prosecuting Attorney for Snohomish County,* and *Seth Aaron Fine* and *David F. Thiele, Deputies,* for respondent.

TALMADGE, J. — We determine in this case if RCW 10.73.160, which authorizes recovery from an unsuccessful appellant the costs for publicly paid appellate counsel under Title 14 of the Rules of Appellate Procedure, is confined to cases where the criminal defendant's appeal is frivolous. We hold RCW 10.73.160 is not confined to frivolous appeals. Under the statute, an appellate court has the discretion to impose the expense of a criminal defendant's publicly paid appellate counsel as a recoverable item of cost if the State is the substantially prevailing party on appeal. We affirm the decision of the Court of Appeals.

## ISSUE

Do RCW 10.73.160 and RAP 14.2, read together, permit

the imposition of costs on appeal only when the appeal is meritless or frivolous?

## FACTS

Thomas Nolan was convicted of possession of stolen property after a truck owned by an Everett police officer, Mark Thacker, was found parked in front of Nolan's home and Nolan admitted using it. Nolan appealed and Division One of the Court of Appeals affirmed the conviction in an unpublished opinion. *State v. Nolan*, 98 Wn. App. 75, 988 P.2d 473 (1999). The State then filed a cost bill including the following items:

| | | |
|---|---|---|
| Cost of [re]producing Brief of Respondent | $ | 82.00 |
| Cost of preparing Clerk's Papers | $ | 6.75 |
| Cost of preparing transcript | $ | 1,325.05 |
| Cost of court appointed appellate counsel | $ | 1,970.00 |
| | $ | 3,410.00 [sic] |

Cost Bill (Feb. 22, 1999).[1] Nolan filed an objection to the cost bill two days later. RAP 14.5. He asked the court to deny the request for costs on the ground his appeal was not frivolous. In the alternative, Nolan asked the Court of Appeals to remand the cost issue to the trial court for a hearing on his indigency, and for the appointment of counsel to litigate the cost issue.

The Court of Appeals commissioner entered a ruling rejecting Nolan's objections to the cost bill and awarding costs to the State. Nolan then moved to modify the commissioner's ruling, and the Court of Appeals set the issue for oral argument. The Court of Appeals denied Nolan's motion to modify, thereby affirming the award of costs against Nolan in favor of the State. *Nolan*, 98 Wn. App. 75. The Court of Appeals held the award of costs pursuant to RCW 10.73.160 was required in the absence of "compelling circumstances." *Id.* at 84. We granted review.

---

[1] There are no Clerk's Papers in this case.

## ANALYSIS

We have treated the issue of recoverable costs in criminal cases in several cases. In *State v. Barklind*, 87 Wn.2d 814, 557 P.2d 314 (1976), we held the public defender expenses incurred on behalf of a defendant could be recovered as a trial cost by the State if it were the prevailing party. In *State v. Keeney*, 112 Wn.2d 140, 769 P.2d 295 (1989), we found the imposition of statutory costs on appeal in favor of the State against a criminal defendant to be mandatory under RAP 14.2 and constitutional, but we declined to allow the State to recover a statutory attorney fee on appeal pursuant to RCW 4.84.080. *See also State v. Obert*, 50 Wn. App. 139, 143, 747 P.2d 502 (1987) (holding Rules of Appellate Procedure do not prohibit award of costs against indigents).

When confronted with the question of whether the State, as the prevailing party on appeal, could recover the defendant's appellate attorney expense as an item of costs, we declined to allow such a recovery in *State v. Rogers*, 127 Wn.2d 270, 281, 898 P.2d 294 (1995), stating: "The State may not recoup attorney fees and costs on review incurred by the Appellate Indigent Defense Fund without statutory authority. It has cited no authority to support its claim for recoupment."

In response to our holding in *Rogers*, the Legislature enacted RCW 10.73.160(1), which states: "The court of appeals, supreme court, and superior courts may require an adult or a juvenile convicted of an offense or the parents or another person legally obligated to support a juvenile offender to pay appellate costs." The statute goes on to define "appellate costs":

Appellate costs are limited to expenses specifically incurred by the state in prosecuting or defending an appeal or collateral attack from a criminal conviction or sentence or a juvenile offender conviction or disposition. Appellate costs shall not include expenditures to maintain and operate government agencies that must be made irrespective of specific violations of

the law. Expenses incurred for producing a verbatim report of proceedings and clerk's papers may be included in costs the court may require a convicted defendant or juvenile offender to pay.

RCW 10.73.160(2).

We examined RCW 10.73.160 in *State v. Blank*, 131 Wn.2d 230, 930 P.2d 1213 (1997), and rejected the constitutional arguments the defendants posed there. We described the statute's operation:

> RCW 10.73.160 provides for recoupment of appellate costs from a convicted defendant. "Costs" are "limited to expenses specifically incurred by the state in prosecuting or defending an appeal or collateral attack from a criminal conviction" and include the cost of a verbatim report of proceedings, clerk's papers, and fees for court appointed counsel. RCW 10.73.160(2), (3). Costs of maintaining and operating government agencies are not included. RCW 10.73.160(2). Costs are to be requested by the State pursuant to the procedures set out in RAP Title 14. RCW 10.73.160(3). An award under the statute "shall become part of the . . . judgment and sentence." RCW 10.73.160(3). A defendant who is not in contumacious default may petition the court at any time for remission of the costs or any unpaid portion. RCW 10.73.160(4). If payment will impose manifest hardship on the defendant or the defendant's immediate family, the court may remit all or part of the amount due, or modify the method of payment under RCW 10.01.170. RCW 10.73.160(4).

*Id.* at 234-35.

Reading the language of RCW 10.73.160(1) as permissive because of the word "may," Nolan asserts costs may be awarded only when an appeal is meritless or frivolous. He relies on a Division Two case, *State v. Edgley*, 92 Wn. App. 478, 483-84, 966 P.2d 381 (1998), *review denied*, 137 Wn.2d 1026, 980 P.2d 1285 (1999), where the Court of Appeals denied the State's request for costs on appeal, holding, without further analysis: "The purpose of awarding costs to the prevailing parties is to discourage meritless appeals." As authority for its holding, the Court of Appeals cited a

case decided six years before the 1995 enactment of RCW 10.73.160, *Puget Sound Bank v. Richardson*, 54 Wn. App. 295, 298, 773 P.2d 429 (1989). *Edgley* is of limited authority for the issues in this case, however, because it relied on *Richardson*, which concerned MAR 7.3, the rule specifying the conditions for awarding attorney fees in an appeal from a mandatory arbitration award. The *Richardson* court said: "The purpose of [MAR 7.3] is to discourage meritless appeals and to thereby reduce court congestion." *Id.* at 298. *Edgley*'s lack of analysis and reliance on inapposite authority make it a rather feeble groundwork for Nolan's position. A closer examination of the statute is necessary.

■ We begin our analysis of the statute here by applying one of our traditional rules of statutory construction: we do not construe plain and unambiguous statutes. *Western Telepage, Inc. v. City of Tacoma Dep't of Financing*, 140 Wn.2d 599, 608, 998 P.2d 884 (2000). RCW 10.73.160(1) is unambiguous.

RCW 10.73.160(1) requires us to apply its provisions in a fashion consistent with Title 14 of the Rules of Appellate Procedure. RAP 14.2 provides:

> A commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review, unless the appellate court directs otherwise in its decision terminating review. If there is no substantially prevailing party on review, the commissioner or clerk will not award costs to any party. An award of costs will specify the party who must pay the award. In a criminal case involving an indigent juvenile or adult offender, an award of costs will apportion the money owed between the county and the State. A party who is a nominal party only will not be awarded costs and will not be required to pay costs. A "nominal party" is one who is named but has no real interest in the controversy.

Thus, the first step in determining if costs under Title 14 of the Rules of Appellate Procedure may be awarded in a criminal appeal is to determine if the State is the "substantially prevailing party." In the seminal case of *Family Med. Bldg., Inc. v. Department of Soc. & Health Servs.*, 38 Wn.

App. 738, 739, 689 P.2d 413 (1984), the Court of Appeals described that concept as follows:

> The State's argument is based upon a misinterpretation of the comment to RAP 14.2, 86 Wn.2d 1225 (1976). That rule provides: "A commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review, . . ." The comment to the rule states: "In other words, the award of costs is based on who wins the review proceeding—not on who ultimately prevails on the merits."

> The State reads the comment as directing the award of costs to the party who obtains a reversal or an affirmance. Such an interpretation does not take into consideration the language of the rule itself which allows costs to "the party that *substantially* prevails." (Italics ours.) In order to determine which party substantially prevailed on review, the clerk or commissioner must have discretion to look beyond the bottom line of reversal or affirmance.

*See also American Nursery Prods., Inc. v. Indian Wells Orchards*, 115 Wn.2d 217, 234-35, 797 P.2d 477 (1990) (when both parties prevail on major issues, there may be no substantially prevailing party); *Marine Enters., Inc. v. Security Pac. Trading Corp.*, 50 Wn. App. 768, 772, 750 P.2d 1290 (1988) ("The determination as to who substantially prevails turns on the substance of the relief which is accorded the parties."). The prevailing party need not prevail on his or her entire claim, *Silverdale Hotel Assocs. v. Lomas & Nettleton Co.*, 36 Wn. App. 762, 774, 677 P.2d 773 (1984), but he or she must substantially prevail. *Marassi v. Lau*, 71 Wn. App. 912, 916, 859 P.2d 605 (1993).

■■ Once it is determined the State is the substantially prevailing party, RAP 14.2 affords the appellate court latitude in determining if costs should be allowed; use of the word "will" in the first sentence appears to remove any discretion from the operation of RAP 14.2 with respect to the commissioner or clerk, but that rule allows for the appellate court to direct otherwise in its decision.

Under the Rules of Appellate Procedure, we next turn to the question of allowable costs. The items of expense

allowable as recoverable costs under RAP 14.3(a) are limited:

> Only statutory attorney fees and the reasonable expenses actually incurred by a party for the following items which were reasonably necessary for review may be awarded to a party as costs: (1) preparation of the original and one copy of the report of proceedings, (2) copies of the clerk's papers, (3) preparation of a brief or other original document to be reproduced by the clerk, as provided in rule 14.3(b), (4) transmittal of the record on review, (5) expenses incurred in superseding the decision of the trial court, but not ordinarily greater than the usual cost of a commercial surety bond, (6) the lesser of the charges of the clerk for reproduction of briefs, petitions, and motions, or the costs incurred by the party reproducing brief[s] as authorized under rule 10.5(a), (7) the filing fee, and (8) such other sums as provided by statute. If a party has incurred an expense for one of the designated items, the item is presumed to have been reasonably necessary for review, which presumption is rebuttable. The amount paid by a party for the designated item is presumed reasonable, which presumption is rebuttable.

RAP 14.3(a)(8) makes clear the Legislature may direct certain other expenses will constitute recoverable items of cost. RCW 10.73.160(1) is precisely such a statutory authorization.[2] As the Court of Appeals noted: "The 'allowance and recovery of costs, being unknown at common law, rests entirely upon the statutory provisions[.]' " *Nolan*, 98 Wn. App. at 78-79 (quoting *People v. Nicholls*, 71 Ill. 2d 166, 374 N.E.2d 194, 197, 15 Ill. Dec. 759 (1978)). We have long held as much: " 'We often see it stated that costs are a creature of the statute; that costs were not given at common law.' " *State ex rel. Macri v. City of Bremerton*, 8 Wn.2d 93, 111, 111 P.2d 612 (1941) (quoting *Harrigan v. Gilchrist*, 121 Wis. 127, 99 N.W. 909 (1904)). The Legislature must ordinarily authorize costs in order for a court to impose them. In this case, "RCW 10.73.160 provides for recoupment of appellate costs from a convicted defendant." *Blank*, 131 Wn.2d at 234.

---

[2] The legislative history demonstrates the purpose of the statute was to authorize recoupment of appellate costs. The House bill report states: "The court may order a convicted defendant to pay costs based on certain criteria. The statute that authorizes recoupment of costs does not expressly include or exclude costs on appeal." Final Bill Report, SHB 1237 at 1 (Wash. 1995).

By its terms, RCW 10.73.160(1) authorizes an appellate court to award to the State as a substantially prevailing party under RAP 14.2 the appellate counsel expenses incurred on behalf of a defendant. RAP 14.3(a)(8). This award is a matter of discretion for the appellate court, consistent with the appellate court's authority under RAP 14.2 to decline to award costs at all. We do not agree with the Court of Appeals that this authority to impose costs is required except in "compelling circumstances." The authority is permissive as the statute specifically indicates.

Nolan fastens onto the word "may" in the first sentence of RCW 10.73.160(1) "The court of appeals, supreme court, and superior courts may require [the payment of] appellate costs" deduces the award of costs is discretionary, and further argues the rule of discretion must depend on whether the appellate court, commissioner, or clerk decides the appeal is meritless or frivolous. Supp. Br. Relating to Court Costs at 1-2. His argument is based on his reading of "may" as a permissive word. Pet. for Review at 7. But while "may" can mean permissive, it can also mean permissible in the sense of allowable. In other words, the statute may simply mean the Legislature has *authorized* the imposition of appellate costs on the nonprevailing party, as the legislative history recites.

Moreover, Nolan's contention regarding a limitation on the award of costs under RCW 10.73.160 is *nowhere* supported in the language of the statute itself. The Legislature did not reference the award of attorney fees for frivolous cases, claims, or appeals. *See* CR 11; RCW 4.84.185; RAP 18.9(a). We decline to limit the statute here in a way the Legislature plainly did not.[3]

---

[3] Nolan also cites legislative history to support his contention. The legislative history he cites is the testimony of a proponent of the legislation before the House Committee on Law and Justice. The proposed legislation would be a disincentive to frivolous appeals. He also quotes a fiscal note prepared for the House committee predicting counties would save money because of the decline in frivolous appeals passage of the bill would bring about. While Nolan is undoubtedly correct the Legislature may have had in mind the deterrence of meritless or frivolous appeals as one purpose of the statute, this does not overcome the plain language of RCW 10.73.160.

## CONCLUSION

The enactment of RCW 10.73.160 added costs of defense on appeal to the list of costs allowable in RAP 14.3. The statute, having established appellate costs may be imposed, relegated the *procedure* for imposing those costs to Title 14 of the Rules of Appellate Procedure. RCW 10.73.160(3) ("Costs, including recoupment of fees for court-appointed counsel, shall be requested in accordance with the procedures contained in Title 14 of the rules of appellate procedure . . . ."). The appellate court has discretion under RCW 10.73.160(1) to impose such a cost on appeal. We affirm the Court of Appeals' award of costs to the State under RCW 10.73.160.

Guy, C.J., and Smith, Johnson, Madsen, Alexander, Sanders, Ireland, and Bridge, JJ., concur.