# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47902-8-II |
| Respondent, | |
| v. | |
| STEVEN LEROY HICKS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Steven Leroy Hicks was charged with unlawful possession of ammonia with intent to manufacture methamphetamine, unlawful possession of a controlled substance with intent to deliver, and attempt to elude police. Hicks unsuccessfully sought to suppress evidence seized from his vehicle, arguing that the search warrant lacked probable cause. Hicks sought discretionary review of the trial court's denial of his motion to suppress evidence, and we granted discretionary review. Hicks also requests that we exercise our discretion to not impose appellate costs if the State prevails because he is indigent.

We hold that Hicks's argument fails because the affidavit supporting the request for search warrant established a nexus between the criminal activity and the area to be searched, and therefore, probable cause supported the search warrant. We also exercise our discretion to not impose appellate costs on Hicks. Accordingly, we affirm.

FACTS

On May 15, 2015, Officers Max Criss and Ryan Moody were on patrol when they noticed a vehicle parked at an intersection. After a female got out of the vehicle, the vehicle drove off. The officers did a routine registration check on the vehicle, which showed that the vehicle belonged to Hicks. Hicks had a felony warrant for his arrest from the Department of Corrections (DOC) for escaping supervision on a narcotics related offense.

The officers confirmed that Hicks was the driver of the vehicle and initiated a traffic stop. Hicks pulled the vehicle over. As the officers approached the vehicle, Officer Moody observed a red nylon bag on the front passenger seat. Hicks appeared nervous and kept his hand on the gear shifter. Officer Criss asked Hicks twice to turn his vehicle off, but Hicks did not comply. Hicks suddenly drove away from the officers, driving approximately 70 miles per hour through a residential neighborhood.

The officers pursued Hicks, but temporarily lost sight of his vehicle. When the officers caught up with Hicks's vehicle a few minutes later, they found it unoccupied in some bushes near Steilacoom Lake. The officers searched the area and eventually found Hicks in the lake clinging to a dock. Officer Moody ordered Hicks to exit the lake numerous times. Hicks initially refused to comply, but he eventually got out of the lake and was taken into custody.

While in custody, Officer Criss asked Hicks why he fled, and Hicks responded that he fled because he knew he had an outstanding warrant. From outside the vehicle, Officer Criss saw a Coke can on the floor of the driver's seat. The Coke can had a false top that was open. Officer Moody knew from his police experience that soda cans with false tops are frequently used to conceal illegal contraband such as narcotics. Officer Moody noticed that the red nylon bag that was on the passenger seat was missing. The officers checked the area, but they could not locate it.

Officer Criss asked Hicks for consent to search the vehicle, but Hicks refused. The officers then transported Hicks to Pierce County Jail, and another officer arrived on scene to help impound Hicks's vehicle.

Officer Moody applied for a warrant to search Hicks's car for evidence of controlled substances and narcotics paraphernalia. The affidavit of probable cause described the above facts. The affidavit stated that based on "Hicks['s] obvious narcotics history and his attempt to avoid police capture," the officers suspected there was illegal contraband in the vehicle. Clerk's Papers (CP) at 23. The affidavit also contained a summary of Officer Moody's police experience as support for his belief that Hicks's car contained evidence of narcotics, which included hundreds of arrests for possession of controlled substances, assignments to special operation units that deal with street level drug dealers and users, and a total of nine years working as a police officer. A judge signed the search warrant for Hicks's vehicle.

No. 47902-8-II

Police searched Hicks's vehicle pursuant to the search warrant. They discovered 2,000 pseudoephedrine pills, coffee filters, a cold compress, lithium batteries, a container of isopropyl alcohol, and two mason jars in the trunk; the false-top Coke can contained a small baggie with a crystalline substance.

The State charged Hicks with unlawful possession of ammonia with intent to manufacture methamphetamine,[1] unlawful possession of a controlled substance with intent to deliver,[2] and attempt to elude police.[3] Hicks filed a motion to suppress evidence from the vehicle pursuant to CrR 3.6. The trial court determined that probable cause supported the search warrant and denied Hicks's motion to suppress. Hicks sought discretionary review, which we granted. Ruling Granting Review.

## ANALYSIS

A.      MOTION TO SUPPRESS

Hicks argues that the trial court erred in denying his motion to suppress the evidence found in his car because the search warrant lacked probable cause. Specifically, Hicks argues that the search warrant failed to establish a nexus between the alleged criminal activity and the place to be searched. We disagree.

---

[1] RCW 69.50.440(1).

[2] RCW 69.50.401(1)(2)(b).

[3] RCW 46.61.024 (1).

1.      Legal Principles

Under the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington Constitution, probable cause must support a search warrant. *State v. Myers,* 117 Wn.2d 332, 337, 815 P.3d 761 (1991). The trial court's conclusion that there was sufficient probable cause is an issue we review de novo. *State v. Neth*, 165 Wn.2d 177, 182, 196 P.3d 658 (2008). We review the same evidence that was available to the trial court, limited to the four corners of the affidavit supporting probable cause. *Id.*

To establish probable cause, the affidavit supporting the search warrant must set "forth facts and circumstances sufficient to establish a reasonable inference that the defendant is probably involved in criminal activity and that evidence of the crime can be found at the place to be searched." *State v. Thein*, 138 Wn.2d 133, 140, 977 P.2d 582 (1999). Thus, a nexus between the criminal activity, the item to be seized, and the place to be searched must exist for there to be probable cause to issue a search warrant. *Neth*, 165 Wn.2d at 183. The affidavit must establish the probability of criminal activity, but it need not make a prima facie showing of criminal activity. *State v. Emery*, 161 Wn. App. 172, 202, 253 P.3d 413 (2011), *aff'd*, 174 Wn.2d 741, 278 P.3d 653 (2012). Generalized statements in an affidavit, when standing alone, do not establish sufficient probable cause. *Thein*, 138 Wn.2d at 148-49.

2.      Nexus between Criminal Activity and the Vehicle

Hicks argues that the affidavit supporting the search warrant failed to establish a nexus between the property searched and the alleged criminal activity. Because the facts and circumstances presented in the affidavit for search warrant established a reasonable inference that

Hicks was probably involved in the criminal activity alleged and that evidence of that alleged criminal activity could be found inside Hicks's vehicle, we hold that Hicks's argument fails.

Hicks contends that it was not reasonable to rely on his prior arrests and convictions to conclude that he was presently engaged in a crime. Hicks's DOC warrant was for escaping community custody, not for the underlying narcotics related offense that gave rise to community custody. A defendant's prior criminal history, by itself, does not create a reasonable inference to support a search. *State v. Maddox*, 152 Wn.2d 499, 512, 98 P.3d 1199 (2004); *State v. Hobart*, 94 Wn.2d 437, 446-47, 617 P.2d 429 (1980). However, a similar narcotics related history of offenses may be considered in determining probable cause when other supporting evidence is present. *See Neth*, 165 Wn.2d at 185-86 (concluding that a history of similar crimes cannot establish probable cause without other supporting evidence). Here, Hicks's prior arrests and convictions were not the sole factor used to support the conclusion that Hicks was presently engaged in a crime.

The affidavit stated that the officers pulled Hicks over because he had a felony warrant for escape from community custody on a narcotics related offense. Hicks appeared nervous during the traffic stop and refused to comply with Officer Criss's orders to turn off his vehicle. Hicks fled from police, abandoned his vehicle in some bushes, and jumped into a lake. The officers saw a Coke can with its fake top open inside the vehicle Hicks fled from and the red nylon bag that had been in the vehicle during the traffic stop was gone. Taking the facts presented in the affidavit as

a whole, along with Officer Moody's experience in investigating controlled substance crimes, a reasonable inference can be made that evidence of unlawful possession of a controlled substance would likely be found inside the vehicle.

Reviewing the facts in the affidavit de novo, we hold that the trial court did not err in finding sufficient probable cause to issue a search warrant for Hicks's vehicle. The facts in the affidavit, when taken as a whole, established a nexus between the alleged criminal activity, the item to be seized, and place to be searched.

B.      APPELLATE COSTS

Hicks requests that if the State prevails, then this court should decline to impose appellate costs against him because he claims he is indigent. We exercise our discretion to decline to impose appellate costs.

RCW 10.73.160(1) vests the appellate court with discretion to award appellate costs. Under RAP 14.2, that discretion may be exercised in a decision terminating review. *State v. Nolan*, 141 Wn.2d 620, 626, 8 P.3d 300 (2000); *State v. Sinclair*, 192 Wn. App. 380, 388, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016). Ability to pay is an important factor in the exercise of that discretion, although it is not the only relevant factor. *Sinclair*, 192 Wn. App. at 389.

The trial court found that Hicks was indigent. We presume a party remains indigent "throughout the review" unless the trial court finds otherwise. RAP 15.2(f). Thus, we exercise our discretion and hold that an award of appellate costs to the State is not appropriate.

No. 47902-8-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Johanson, J.

_____
Bjorgen, C.J.