**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48593-1-II |
| Respondent, | |
| V. | |
| | UNPUBLISHED OPINION |
| SEAN T. PHILLIPS, | |
| Appellant. | |

WORSWICK, J. — Sean Phillips appeals his conviction for attempting to elude a pursuing police vehicle. Phillips contends that the State produced insufficient evidence to prove that he was the driver of the eluding vehicle. We hold that sufficient evidence supports the jury's verdict, and affirm.

FACTS

On September 21, 2015, Washington State Trooper Kyle Dahl was on patrol duty in his unmarked police car. Officer Dahl observed a vehicle speeding at 57 miles per hour in a 35 miles per hour speed limit zone. Officer Dahl followed the vehicle around a corner and activated his sirens, vehicle lights, and in-dash camera. Officer Dahl signaled the driver to pull over and the driver stopped his vehicle and pulled over. As Officer Dahl approached the vehicle on foot, the driver accelerated and fled the scene.

Officer Dahl returned to his vehicle and began pursuit. The chase reached speeds of 70 miles per hour. After failing to negotiate a turn, the driver crashed into shrubs in a yard. The driver exited the vehicle and began to run away on foot. After a short foot pursuit, the driver stopped running and submitted to arrest by Officer Dahl.

The State charged Sean Phillips with attempting to elude a pursuing police vehicle and first degree driving while license suspended. The charging information identified the defendant as "Sean T. Phillips, Age 37; DOB: 04/12/1978." Clerk's Papers at 1.

At trial, the State called Officer Dahl, who testified to the above facts. Additionally, the State asked Officer Dahl to confirm whether he recalled having contact with "the defendant, Sean Phillips" on the day of the chase; Officer Dahl responded in the affirmative. Verbatim Report of Proceedings (VRP) (Dec. 9, 2015) at 97. During cross-examination, defense counsel questioned Officer Dahl about his interaction with "Mr. Phillips" and questioned the officer about "Mr. Phillips'[s] vehicle" in reference to the vehicle that Officer Dahl pursued on the night of the incident. VRP (Dec. 9, 2015) at 122.

The jury convicted Phillips of attempting to elude a pursuing police vehicle and driving while license revoked. Phillips appeals.

## ANALYSIS

### I. SUFFICIENCY OF THE EVIDENCE

Phillips argues that the State produced insufficient evidence to prove he committed an attempt to elude a pursuing police vehicle. Specifically, Phillips contends that the State failed to prove beyond a reasonable doubt that he was the driver of the eluding vehicle. We disagree.

A.      *Legal Principles*

In determining whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014).

In addition to proving the elements of the particular offense, the prosecution must also prove beyond a reasonable doubt that the accused is the person who committed the offense. *State v. Hill*, 83 Wn.2d 558, 560, 520 P.2d 618 (1974). Identity is a question of fact for the jury and the jury should evaluate all relevant facts that may establish the identity of the person who committed the offense. *Hill*, 83 Wn.2d at 560.

B.      *Identification*

Phillips does not argue that the state failed to meet its burden to prove that the crime of eluding was committed. Phillips argues only that the State failed to prove that Phillips was the driver of the eluding vehicle. Phillips argues that because Officer Dahl did not "point to the defendant in the courtroom and identify him," and because the officer did not describe the physical appearance of the driver or vehicle, nor describe the age, race, or clothing of the driver, that the State failed to prove beyond a reasonable doubt that Phillips was the driver. Br. of Appellant at 3.

While Phillips is correct that none of the State's witnesses expressly identified him in court, taken in the light most favorable to the State, ample evidence supports a finding that Phillips was the driver of the vehicle.

Officer Dahl testified that he was in contact with "the defendant, Sean Phillips," on September 21, 2015. VRP (Dec. 9, 2015) at 97. During his testimony, Officer Dahl used the words "defendant" and "Mr. Phillips" interchangeably when referring to the pursuit and the subsequent arrest of the driver of the vehicle. VRP (Dec. 9, 2015) at 102-03.

Phillips was present in the courtroom during the entire trial and did not question the numerous references to Phillips as both the defendant and as the driver of the vehicle. From this

evidence, a jury could reasonably infer that the Mr. Phillips referred to during trial as the defendant and as the driver of vehicle was the same Mr. Phillips that was sitting at the defense table. Consequently, sufficient evidence supports the jury's verdict.

## II. APPELLATE COSTS

Phillip additionally requests that, if the State substantially prevails in this appeal, that we decline to impose appellate costs on him because he claims he is indigent. The State in response asserted it would not seek costs on appeal. We exercise our discretion to decline to impose appellate costs.

Under RCW 10.73.160(1), we have broad discretion in determining whether to grant or deny appellate costs to the prevailing party. *State v. Nolan*, 141 Wn.2d 620, 628, 8 P.3d 300 (2000); *State v. Sinclair*, 192 Wn. App. 380, 388, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016). Ability to pay is an important factor in the exercise of that discretion, although it is not the only relevant factor. *Sinclair*, 192 Wn. App at 389.

The trial court found that Phillips was indigent. We presume a party remains indigent "throughout the review" unless the trial court finds otherwise. RAP 15.2(f). RCW 10.73.160(1) vests the appellate court with discretion to award appellate costs. Under RAP 14.2, that discretion may be exercised in a decision terminating review. We exercise our discretion and hold that an award of appellate costs to the State is not appropriate.

This evidence is sufficient to show that Phillips was the driver of the vehicle. Consequently, sufficient evidence supports the jury's verdict.

We affirm.

No. 48593-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, A.C.J.

_____
Sutton, J.