**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47978-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ANDREW L. MERKEL, | |
| Appellant. | |

BJORGEN, C.J. — A jury returned a verdict finding Andrew Merkel guilty of first degree burglary. Merkel appeals his conviction and resulting sentence, asserting that (1) the State failed to present sufficient evidence to support his conviction because the evidence was insufficient to show he assaulted anyone and (2) his defense counsel was ineffective for failing to object to the imposition of discretionary legal financial obligations (LFOs) absent a finding that he has the ability to pay the LFOs. Additionally, Merkel requests that we exercise our discretion to waive appellate costs if the State prevails in this appeal. We affirm Merkel's conviction and sentence. We also exercise our discretion to waive appellate costs in this matter.

FACTS

On August 22, 2014, Denise Ingram was working in her home office in Bonney Lake when she saw an unfamiliar man approach her neighbors' door and knock several times. Ingram's neighbors, Mike and Robin Wittenberg, were away from their home at the time. When no one answered the Wittenbergs' door, Ingram saw the man attempt to open the door. Ingram called Robin[1] to ask if she was expecting anyone at their house that day. Robin told Ingram that

---

[1] Because Mike and Robin Wittenberg share a last name, this opinion uses their first names for clarity. We intend no disrespect.

she was not. When Ingram saw the man look in a window and then walk through a gate leading to the Wittenbergs' backyard, she called 911 to report a potential burglary. While on the phone with the 911 operator, Ingram saw Mike pull into his driveway. Mike entered his home before Ingram could alert him about the intruder.

After Mike entered his home, he heard a noise coming from a bedroom. Mike went to the bedroom and saw an unfamiliar man, later identified as Merkel, rifling through a drawer. Mike yelled and lunged at Merkel. Merkel ran through a back door. Mike ran through his front door in an attempt to intercept Merkel.

Mike chased Merkel and saw Merkel get into the driver's seat of a parked car. Mike attempted to grab the keys from the car's ignition but instead grabbed the steering wheel, telling Merkel, "You're not going anywhere." Report of Proceedings (RP) (Aug. 3, 2015) at 62. Merkel smirked at Mike and then drove the car in reverse. Mike's arm was caught in the steering wheel, and he was dragged across gravel. After driving the car approximately 20 yards in reverse, Merkel stopped, at which point Mike was able to free his arm. Merkel then drove away. Mike was able to read the license plate number on the car and yelled it out to Ingram, who then relayed the information to the 911 operator. As a result of being dragged, Mike received scrapes and abrasions on his legs. The Wittenbergs later found that some jewelry was missing from their bedroom.

While responding to the 911 call, Bonney Lake Police Officer Tobie Johnston saw Merkel driving in the opposite direction in a car with the same license plate number Ingram had relayed to the 911 operator. Upon seeing Johnston in her police vehicle, Merkel "fled at a high rate of speed," and Johnston pursued him. RP (Aug. 3, 2015) at 145. Johnson eventually lost sight of Merkel.

2

Around this same time, Bonney Lake resident Sharon Wells heard sirens while she was in the backyard of her house. Wells then heard a car squeal and a thump before seeing a car drive off. Wells called the police after seeing that her and her neighbor's mailboxes had been hit and knocked off of their red painted posts.

Using license plate information, police determined that the registered owner of the suspect vehicle was Nancy Martin, Merkel's grandmother. Police went to Merkel's address and saw the vehicle parked in the driveway. The vehicle had some front end damage, including what appeared to be red marks caused by the transfer of paint from another surface.

The State charged Merkel with first degree burglary, alleging that he intentionally assaulted Mike while fleeing from his unlawful entry into the Wittenberg residence. The matter proceeded to jury trial, at which witnesses testified consistently with the facts above. The jury returned a verdict finding Merkel guilty of first degree burglary.

At sentencing, the State and defense counsel made a joint sentencing recommendation with regard to both Merkel's first degree burglary conviction and his separate guilty plea convictions for residential burglary, two counts of possession of stolen property, and unlawful disposal of human remains. As part of the joint sentence recommendation, the State and defense counsel agreed to recommend the imposition of $500 in discretionary LFOs for assigned counsel recoupment. The State and defense counsel further agreed to recommend that Merkel's sentences for his guilty plea felony convictions be served concurrently with his 100-month sentence for first degree burglary. The sentencing court accepted the joint sentencing recommendation. Merkel appeals from his conviction and resulting sentence.

ANALYSIS

I. SUFFICIENCY OF THE EVIDENCE

Merkel first contends that insufficient evidence supports his first degree burglary conviction, because the State failed to present sufficient evidence of its assault element. We disagree.

Sufficient evidence exists to support a conviction if any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt when viewing the evidence in a light most favorable to the State. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). A defendant claiming insufficiency of the evidence admits the truth of the State's evidence and all inferences that can reasonably be drawn from that evidence. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). When reviewing the sufficiency of the State's evidence, we consider circumstantial evidence and direct evidence as equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We defer to the trier of fact on issues of conflicting witness testimony, witness credibility, and the persuasiveness of the evidence. *State v. Walton*, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992), *abrogated on other grounds by In re Pers. Restraint of Cross*, 180 Wn.2d 664, 327 P.3d 660 (2014).

To convict Merkel of first degree burglary as charged here, the State had to prove beyond a doubt that he (1) unlawfully entered or remained in a building and (2) while in the building or during the immediate flight therefrom, assaulted any person. RCW 9A.52.020(1)(b).

Washington recognizes three definitions of "assault": "(1) an unlawful touching (actual battery); (2) an attempt with unlawful force to inflict bodily injury upon another, tending but failing to accomplish it (attempted battery); and (3) putting another in apprehension of harm." *State v. Elmi*, 166 Wn.2d 209, 215, 207 P.3d 439 (2009). Because the jury was not instructed on

4

the first definition of assault, we do not consider whether sufficient evidence supported a finding that Merkel committed an actual battery. *See State v. Hickman*, 135 Wn.2d 97, 102, 954 P.2d 900 (1998) ("[J]ury instructions not objected to become the law of the case."). To prove assault under either the second or third definitions, the State was required to present sufficient evidence that Merkel specifically intended (1) to cause Mike bodily harm or (2) to create in Mike the apprehension of bodily harm. *State v. Byrd*, 125 Wn.2d 707, 713, 887 P.2d 396 (1995).

Under RCW 9A.08.010(1)(a), "[a] person acts with intent or intentionally when he or she acts with the objective or purpose to accomplish a result which constitutes a crime." Although specific intent cannot presumed, "it can be inferred as a logical probability from all the facts and circumstances." *State v. Wilson*, 125 Wn.2d 212, 217, 883 P.2d 320 (1994).

The State presented sufficient evidence from which any reasonable jury could infer that Merkel intended to create in Mike an apprehension of bodily harm. The State's evidence showed that (1) Merkel was attempting to flee in his vehicle when Mike reached into the vehicle and told him, "You're not going anywhere"; (2) Merkel responded by smirking and then immediately driving his vehicle in reverse; and (3) Merkel continued to drive in reverse for approximately 20 yards while dragging Mike across gravel. Merkel contends that this evidence shows only that his intent was to drive away to escape capture. However, that the evidence showed Merkel's intent was to escape capture did not prevent a jury from finding that he also intended to place Mike in apprehension of bodily harm to effectuate such escape. Accordingly, we hold that sufficient evidence supports Merkel's conviction for first degree burglary.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, Merkel contends that his defense counsel was ineffective for agreeing to a joint sentencing recommendation that included recommending $500 in discretionary LFOs for

appointed counsel recoupment fees, without also requesting the sentencing court to inquire into Merkel's ability to pay the discretionary LFOs. We disagree.

We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To prevail on his claim of ineffective assistance of counsel, Merkel must show both (1) that his counsel's representation was deficient and (2) that the deficient representation prejudiced him. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011), *cert. denied*, 135 S. Ct. 153 (2014). Conduct constituting a legitimate trial strategy cannot support an ineffective assistance of counsel claim. *Grier*, 171 Wn.2d at 33. We presume that counsel's performance was not deficient. *Grier*, 171 Wn.2d at 33. To overcome this presumption, Merkel "bears the burden of establishing the absence of any '*conceivable legitimate tactic explaining counsel's performance.*'" *Grier*, 171 Wn.2d at 42 (alteration in original) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)).

Because defense counsel's recommendation to impose $500 in discretionary LFOs was part of a joint sentencing recommendation negotiated with the State, Merkel cannot meet his burden to show the absence of a conceivable legitimate strategy supporting his counsel's conduct. Therefore, Merkel fails to demonstrate ineffective assistance of counsel and review of Merkel's discretionary LFO cannot proceed on that theory. Accordingly, we affirm Merkel's conviction and resulting sentence.

## III. APPELLATE COSTS

Finally, Merkel requests that we exercise our discretion to waive appellate costs in this matter. Under RCW 10.73.160(1),[2] we have broad discretion whether to grant or deny appellate

---

[2] RCW 10.73.160 was amended by LAWS OF 2015, ch. 265, § 22. The amendment does not affect the issues in this matter.

costs against an adult offender convicted of an offense where the State prevails on appeal. *State v. Nolan*, 141 Wn.2d 620, 626, 8 P.3d 300 (2000); *State v. Sinclair*, 192 Wn. App. 380, 388, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016).

Merkel was declared indigent, and there is no evidence to rebut the presumption that he remains indigent under RAP 15.2(f). Accordingly, we elect to exercise our discretion to deny appellate costs should the State request them.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, C.J.

We concur:

WORSWICK, J.

SUTTON, J.