# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76021-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM TRAVIS ROWLAND, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: January 9, 2017 |
| | ) | |

Cox, J. – William Rowland appeals his judgment and sentence, arguing that the trial court abused its discretion by admitting evidence of his prior bad acts. Because defense counsel opened the door and explicitly assented to the admission of this evidence, the trial court did not abuse its discretion. We affirm.

Following a report of a physical altercation, Deputy Brian Heimann responded to a 911 call at Rowland's residence. Deputy Heimann arrested and transported Rowland to a hospital for treatment of a hand injury. During this time and at the hospital, Rowland made numerous threats toward Deputy Heimann.

The State filed several charges against Rowland stemming from the altercation, including a charge of felony harassment due to these threats. As an element of this charge, the State had to prove beyond a reasonable doubt that Rowland "placed Deputy Heimann in reasonable fear that the threat to kill would be carried out."

Before trial, the State moved in limine to admit evidence of Rowland's prior bad acts that were known to Deputy Heimann to show his fear. Rowland moved in limine to exclude the evidence. The trial court granted Rowland's motion, concluding that while the evidence was probative, it was unduly prejudicial under ER 403.

During defense counsel's cross-examination of Deputy Heimann, counsel asked the deputy about the number of threats he received in his line of work. The State objected, and the parties discussed the issue with the court outside the jury's presence. During this session, the State made an offer of proof of how Deputy Heimann would testify. Both the State and defense counsel examined the deputy as part of the offer of proof.

The trial court determined that it would allow Deputy Heimann to testify if defense counsel continued asking him about other threats. The court concluded that defense counsel "opened the door for [the deputy] to be able to indicate that."

The jury returned to the courtroom and the trial continued. During the State's redirect examination of Deputy Heimann in the jury's presence, Deputy Heimann testified similarly to how he testified during the offer of proof. Defense counsel did not object to this testimony.

A jury found Rowland guilty of felony harassment of Deputy Heimann. The trial court entered its judgment and sentence on the jury verdict.

Rowland appeals.

## ER 404(b)

Rowland argues that the trial court abused its discretion by admitting evidence of his prior acts. We disagree.

ER 404(b) prohibits the admission of evidence of a person's other crimes, wrongs, or acts to show that he acted in conformity with those other acts. But under the "'opening the door'" doctrine, otherwise inadmissible evidence can become admissible due to a party's questioning.[1]

We review for abuse of discretion a trial court's determination that a party has opened the door.[2] A trial court abuses its discretion if its decision is exercised on untenable grounds.[3]

Here, the trial court did not abuse its discretion by admitting evidence of Deputy Heimann's knowledge of Rowland's prior bad acts. Defense counsel's cross-examination of Deputy Heimann opened the door to this testimony. Additionally, counsel did not object to the offer of proof on this point when the trial continued after the jury's return to the courtroom.

The trial court had ruled in limine to exclude certain testimony by Deputy Heimann on the basis that, while probative, it was unduly prejudicial under ER 403.

---

[1] State v. Olsen, 187 Wn. App. 149, ¶27, 348 P.3d 816 (2015) (quoting State v. Jones, 144 Wn. App. 284, 298, 183 P.3d 307 (2008)).

[2] State v. Warren, 134 Wn. App. 44, 65, 138 P.3d 1081 (2006), aff'd, 165 Wn.2d 17, 195 P.3d 940 (2008).

[3] State v. Gentry, 183 Wn.2d 749, 761, 356 P.3d 714 (2015).

After the State raised a relevancy objection during defense counsel's cross-examination of Deputy Heimann, the State made its offer of proof about the testimony it wished to elicit from Deputy Heimann.

Deputy Heimann testified that he is "extremely" familiar with Rowland having often responded to Rowland's residence due to criminal activity. Deputy Heimann also knew that Rowland was "well-connected with the drugs and drug cartel area."

During the offer of proof cross-examination, defense counsel asked Deputy Heimann about "any specific thing that would lead [him] to believe that Mr. Rowland was capable of carrying out the threats." The deputy responded: "Due to the fact that he has connections where he's getting those drugs and he made the specific threat that he would make one phone call . . . and it would be all over."

The trial court determined that it would allow Deputy Heimann to testify "the way he just testified" if defense counsel continued to ask the deputy questions about the threats. The court concluded that defense counsel "opened the door for [the deputy] to be able to indicate that." Defense counsel then stated: "That's fine, Your Honor. . . . [I]f what came out is what came out, I'm fine with that. I don't think that's any different than what has already come out to this point anyway."

During the State's redirect examination of Deputy Heimann in the jury's presence, Deputy Heimann testified similarly to how he testified during the offer of proof. The State asked if he was familiar with Rowland prior to the incident.

Deputy Heimann responded that Rowland "is an avid drug user" and has connections to the "drug world"—specifically, organized crime organizations. Deputy Heimann also explained why this concerned him, stating: "[Rowland] could make one phone call and my name, as unique as it is and he knows where I live, made it pretty viable for those threats to be carried out." Defense counsel did not object to this testimony.

The choice not to object was consistent with defense counsel's statement during the offer of proof that he was "fine" with the State's offer of proof. Thus, the trial court did not abuse its discretion by admitting Deputy Heimann's testimony of his knowledge of Rowland's prior bad acts.

Rowland argues that he had no history of violent acts or threats. Thus, he argues that the prejudicial effect of the evidence outweighed its probative value.[4]

This argument is inconsistent with his position at trial. He agreed that the offer of proof was not objectionable. The absence of an objection to the evidence at trial, that he agreed was "fine," strongly suggests to this court that the admission of the evidence "'did not appear critically prejudicial to [Rowland] in the context of the trial.'"[5]

## COSTS

Rowland argues that we should decline to award the State appellate costs should the State prevail on appeal. We agree.

---

[4] See ER 403.

[5] State v. McKenzie, 157 Wn.2d 44, 53 n.2, 134 P.3d 221 (2006) (quoting State v. Swan, 114 Wn.2d 613, 661, 790 P.2d 610 (1990)).

RCW 10.73.160(1) gives appellate courts discretion to decline to impose appellate costs on appeal.[6] Under State v. Sinclair, there is a presumption that indigency continues unless the record shows otherwise.[7]

Here, the trial court found Rowland indigent and entered an order of indigency. Nothing in this record overcomes the presumption of Rowland's indigence. Thus, an award to the State for appellate costs is inappropriate under these circumstances.

We affirm the judgment and sentence and deny any award of appellate costs to the State.

_Cox, J._

WE CONCUR:

_Spearman, J._          _Becker, J._

---

[6] State v. Nolan, 141 Wn.2d 620, 629, 8 P.3d 300 (2000).

[7] 192 Wn. App. 380, 393, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016).