# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )  No. 74401-1-I
                     )
           Respondent, )  DIVISION ONE
                     )
       v.            )
                     )
ISRAEL DAVID OSBORNE, )  UNPUBLISHED
                     )
           Appellant. )  FILED: January 23, 2017
                     )

Cox, J. – Israel Osborne appeals his judgment and sentence, arguing that the jury instruction provided at his trial, WPIC 4.01, unconstitutionally defined a reasonable doubt. Because the supreme court requires that trial courts use the challenged jury instruction, we affirm.

The State charged Osborne with attempted theft of a motor vehicle. After trial, the trial court provided the jury with WPIC 4.01. That instruction defines reasonable doubt as a doubt "for which a reason exists and may arise from the evidence or lack of evidence."[1] The jury found Osborne guilty as charged.

Osborne appeals.

## JURY INSTRUCTION

Osborne argues WPIC 4.01, in relevant part quoted above, is unconstitutional. Because controlling case authority directs use of this instruction, we disagree.

---

[1] Clerk's Papers at 43.

Osborne claims that the instruction requires a juror to be able to articulate the reason for his doubt. He argues that such a requirement erodes the presumption of innocence.

The supreme court has ordered trial courts to use WPIC 4.01 in all criminal cases.[2] For over a century, that court has explained that the challenged language does not threaten the presumption of innocence or the standard of proof beyond a reasonable doubt.[3] We have several times addressed and rejected the same concerns raised here.[4] We reject Osborne's argument on the same basis.

## COSTS

Osborne argues that this court should decline to award the State appellate costs should he not prevail. We agree.

RCW 10.73.160(1) gives appellate courts discretion to decline to impose appellate costs on appeal.[5] Under State v. Sinclair, there is a presumption that indigency continues unless the record shows otherwise.[6]

Here, the trial court granted Osborne's motion seeking appellate review at public expense. The court did so based on Osborne's declaration, which listed

---

[2] State v. Bennett, 161 Wn.2d 303, 318, 165 P.3d 1241 (2007).

[3] See State v. Harsted, 66 Wash. 158, 164-65, 119 P. 24 (1911).

[4] State v. Lizarraga, 191 Wn. App. 530, 567, 364 P.3d 810 (2015), review denied, 185 Wn.2d 1022 (2016).

[5] State v. Nolan, 141 Wn.2d 620, 629, 8 P.3d 300 (2000).

[6] 192 Wn. App. 380, 392-93, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016).

2

his minimal assets. Osborne's conviction, incarceration, and resultant loss of meaningful income make him further unable to pay such costs and expenses.

The State counters that the record demonstrates Osborne will become able to pay in the future.

The State also points generally to Osborne's age and previous work history. But it fails to show Osborne will be able to return to his previous work after incarceration in this matter.

Such evidence is insufficient to overcome the presumption of indigency.

Thus, an award to the State for appellate costs is inappropriate under these circumstances.

We affirm the judgment and sentence and deny any award of costs to the State.

_Cox, J._

WE CONCUR:

_Trickey, A.C.J._

_Appelwick, J._