IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34450-9-III |
| Respondent, | ) | (consolidated with |
| | ) | No. 34641-2-III) |
| v. | ) | |
| | ) | |
| DERRICK STEPHEN HANEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Over three years after Derrick Haney pleaded guilty to three counts of second degree child rape, he moved the trial court to modify or terminate the legal financial obligations imposed in his judgment and sentence on the grounds that the sentencing court had not conducted a *Blazina*[1] inquiry. After initially denying his motion, the Benton County Superior Court granted it and ordered him transported to the court for a new sentencing hearing. At resentencing, the court modified Mr. Haney's judgment and sentence, waiving all discretionary LFOs and associated interest.

Mr. Haney appeals, challenging on substantive due process grounds both RCW 43.43.7541, under which a mandatory DNA[2] collection fee was imposed, and RCW

---

[1] *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

[2] Deoxyribonucleic acid.

7.68.035, under which a victim penalty assessment was imposed. While conceding that the deferential rational basis standard applies and that both statutes serve a legitimate state interest as applied to offenders who can afford to pay, Mr. Haney argues that applying the statutes to offenders who do not have the ability to pay is not rational.

The same argument was made and rejected in *State v. Seward*, 196 Wn. App. 579, 384 P.3d 620 (2016), *review denied*, ___ Wn.2d ___, 396 P.3d 349 (2017). We agree with the majority in *Seward* that the two statutes are rationally related to legitimate state interests as applied to all offenders, including those who are indigent at the time of sentencing, because the statutes create funding sources for legitimate state purposes and some offenders, including some indigent offenders, will be able to pay.

Mr. Haney asks in his brief that we waive costs on appeal if he does not prevail, claiming he is currently indigent and will unlikely be able to pay in the future. "RAP 14.2 affords the appellate court latitude in determining if costs should be allowed." *State v. Nolan*, 141 Wn.2d 620, 626, 8 P.3d 300 (2000). By general order, this court has created a procedure by which appellants may provide a panel with evidence and argument on the basis of which the panel can exercise informed discretion whether to deny costs. *See* Gen. Order of Division III, In re the Matter of Court Administration Order re: Request to Deny Cost Award (Wash. Ct. App. June 10, 2016). Mr. Haney has not complied with our general order. We therefore decline to consider his request. The

2

denial is without prejudice to his right to demonstrate to our court commissioner his current or likely future inability to pay such costs. *See* RAP 14.2.

The order modifying Mr. Haney's judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Pennell, J.